### MACK BROWN v. THE STATE.

*No. 2816.    Decided February 19.*

ON MOTION FOR REHEARING.

**Pleading.—Indictment** alleges that "Mack Brown * * * did then and there unlawfully and fraudulently take from the possession of Mack Brown five head of cattle, the same being the corporeal personal property of said Mack Brown, without the consent of the said Mack Brown, and with the intent to deprive the said Mack Brown of the value of the same, and to appropriate them to the use and benefit of him the said Mack Brown, contrary," etc.—the names of the defendant and the owner as alleged being the same. To this indictment it is objected that the concluding clause alleges the intent to be to appropriate the property stolen to the use and benefit of the owner. *Held*, that the objection is not well taken. The plain sense of the indictment shows that the word "said" used in the clause alleging appropriation was meant to apply to the defendant, and not to the alleged owner. The rule is that the word "said" in an indictment will be referred to the next antecedent only when the plain meaning requires it. See the opinion *in extenso*.

APPEAL from the District Court of De Witt. Tried below before Hon. H. C. Pleasants.

The conviction was for cattle theft, and the penalty assessed was a term of five years in the penitentiary.

*R. A. Pleasants,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—At a former day of this term we affirmed the judgment in this case. Appellant now makes a motion for rehearing, and claims that the indictment is fatally defective.

As set out in the indictment, the charge is "that Mack Brown, on or about the 30th day of May, one thousand eight hundred and eighty-nine, and anterior to the presentment of this indictment, in the county and State aforesaid, did then and there unlawfully and fraudulently take from the possession of Mack Brown five head of cattle, the same being the corporeal personal property of the said Mack Brown, without the consent of the said Mack Brown, and with the intent to deprive the said Mack Brown of the value of the same, and to appropriate them to the use and benefit of him the said Mack Brown, contrary," etc.

It will be seen that the accused and the alleged owner of the stolen property bore the same name—Mack Brown. The offense is admitted to be clearly and properly charged down to the allegation of appropriation. The preceding allegations next before the appropriation clause manifestly and unquestionably refer to the owner, his name being mentioned four times immediately theretofore as the party the defendant intended to defraud and deprive of his property. The language then is, "and to appropriate them to the use and benefit *of him the said Mack Brown.*" To whom do these words "*him the said Mack Brown*" refer? Appellant's counsel insists that by every rule of construction they must be held to refer to the Mack Brown whose name has been just immediately theretofore mentioned, the word "said" being always held, construed, and interpreted to relate to the before mentioned next preceding substantive, and that giving them this construction the indictment is fatally defective, because it fails to charge the accused Mack Brown, the taker, with the intent to appropriate the stolen property to his use and benefit. Willson's Crim. Stats., 1255; Willis v. The State, 24 Texas Ct. App., 584.

Bouvier, in his Law Dictionary, defines the word "said" to mean "before mentioned," and he says: "In contracts and pleadings it is usual and proper, when it is desired to speak of a person or thing before mentioned, to designate them by the term *said* or *aforesaid*, or by some similar term." "The reference of the word '*said*' is to be determined in any given case by the sense. The relative '*same*' refers to the next antecedent in the interpretation of a written instrument; the word 'said' does so only when the plain meaning requires it." 2 Kent's Comm., 555.

In Wilkinson v. The State, 10 Indiana, 372, it was held that the word "*said*" in an indictment will be referred to the next antecedent only when the plain meaning requires it. Mr. Bishop says: "Chitty goes on, 'the word "aforesaid" in general refers to the last antecedent, but not so invariably, as the word "same," which is more explicit.' * * * This is a sort of criticism little indulged in by modern courts. It may be useful in rare cases, but at this day, and perhaps always, the various words of reference of which the relatives 'there' and 'said' are specimens, will be referred to any antecedent plainly required by the sense, whether the

writer in expressing it framed his sentences according to the rules of grammar or not." 1 Bish. Crim. Proc., 3 ed., sec. 512.

Adopting these rules of construction, the word "said," or the words "him the said Mack Brown," used in connection with the allegation of appropriation in the indictment, refers to the before mentioned Mack Brown who was charged with the fraudulent taking of the animals, and not to the Mack Brown who was alleged to be the owner. Plain sense and meaning would exclude the idea that a thief stole property of another with the intent of appropriating it to the use and benefit of such other who was the owner.

The indictment is sufficient, and the motion for rehearing is overruled.

*Motion overruled.*

Hurt, J., absent.