# Hill *et al. v.* Gray.

## *Ejectment.*

(Decided May 24, 1909.   49 South. 676.)

1. *Deeds; Construction; Restraint of Alienation.*—Where the grant-ing clause of a deed conveyed a fee, but just before the description the following words were inserted:   "Till signed by said Hill's youngest living child," and after the attesting clause, but before the signature were inserted the words:   "Whereas, in consideration the title will be and is void unless signed by said Hill's youngest living child," while difficult to give the words inserted any meaning, if the words meant to limit a conveyance by the holder of the fee until his youngest child joined in the conveyance, the quoted words were of no effect, and the attempted restriction void as a restraint upon alienation; nor could the quoted words be construed as giving the grantee a life estate with remainder in his children since that would interpolate a granting clause in the deed not contained therein.

2. *Same.*—Where an estate in fee is granted by proper and suffi-cient words a clause in the deed attempting to restrain alienation of the estate granted is void.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Ejectment by Mike Hill and others against J. W. Gay. Judgment for defendant and plaintiff appeals.   Affirm-ed.

J. H. GREGORY, and F. T. PETTY, for appellant.   A liberal construction should be given the deed, and it should be made to operate as a deed if possible.—13 Cyc. 604-5; 20 L. R. A. 848.   The defendant cannot set up want of notice of the Baron deed.--*Alexander v. Wheeler*, 78 Ala. 167.   Under the law in force at the time of the execution of the deed, the Hill children had a remainder interest in the land and could not be deprived thereof.— Secs. 1302-1305, Code 1852; *Mason v. Pate*, 34 Ala. 379; *Wilson v. Alston*, 122 Ala. 630. The deed from Orin Hill should not have been admitted.—*McLeod v. Bishop*, 110 Ala. 646; *Zimmerman v. Wilson*, 147 Ala. 75.

VIRGIL BOULDIN, for appellee. In the recent case of *Dickson v. VanHoose,* 47 South. 718, the court has restated the rule for the construction of conveyances. Under it the rule of construction as applied to deeds is as follows: If the clauses are contradictory, the first clause governs unless the intention to quality is made very plain.—*Webb v. Webb,* 29 Ala. 588; *Gould v. Womack,* 2 Ala. 83; *Petty v. Boothe,* 19 Ala. 633; 2 Devilin on Deeds, 106 and 837; 154 Mass. 200; 137 Mass. 192; *McCombs v. Stevenson,* 44 South. 867. Where a fee is granted by proper and sufficient words, a clause which is in restraint of alienation is void and will be rejected.— 13 Cyc. 669 and 687; 32 Am. St. Rep. 823; 50 Id. 165; *Hunter v. Murphy,* 126 Ala. 139. The statute raised the estate tail into a fee.—Sec. 3397, Code 1907. The term heirs cannot be construed to mean children when taken alone.—*Slayton v. Blount,* 93 Ala. 575; *Sullivan v. Mc-Laughlin,* 99 Ala. 60. See also the following cases as to the proper construction of the words heirs and children as used in the deed in question.—*Vanzant v. Morris,* 25 Ala. 285; *Mason v. Pate,* 34 Ala. 379; *Varner v. Young,* 56 Ala. 260; *Moore v. Lee,* 105 Ala. 439; *Wilson v. Alston,* 122 Ala. 636.

SIMPSON, J.—This is a statutory action of ejectment by the appellants against the appellee. The plaintiffs base their claim of title on the construction of the deed contended for, which deed is set out in the statement of the case, and dated March 9, 1860. The evidence showed that Orin Hill, the grantee in the deed, went into possession of the land in 1860. In 1867 he and his wife conveyed the property here sued for by warranty deed to Lewis & Snodgrass. They went into possession and inclosed the property and built upon it. Deeds were also shown from said Orin Hill, conveyed to various parties

various parts, including the entire 40 acres originally conveyed to him; and it is admitted that the defendant and those under whom he claims, have been in possession of the lot sued for since the deed of said Orin Hill to Lewis & Snodgrass in 1867.

The claim of the plaintiffs, who are the children of said Orin Hill, is that said deed conveyed only a life estate to said Orin Hill, with remainder to his children, and that this remainder could not be divested until his youngest child became of age. The oldest of said Orin Hill's children was born in 1856 or 1857, and the youngest in 1860, and they are all still living. Orin Hill died October 28, 1903, and this suit was commenced October 28, 1907. It will be seen that this deed is a regular deed, conveying, by apt and legal terms, a fee-simple estate in Orin Hill, except for the words (at the end of the granting clause, and before the description of the land conveyed) interlined, to-wit: "Till signed by said Hill's youngest living child," and the other words, written at the end of the deed, after the attestation clause and immediately after the signature, to-wit: "Whereas, in consideration all title will be and is void, unless signed by said Hill's youngest living child." These expressions were evidently inserted after the deed was drawn up (the original deed being sent up for our inspection), and it is difficult to see just what was intended, and more difficult still to give them any legal significance.

It is evident that to interpret them as limiting the estate granted to Orin Hill to a life estate, with a remainder to his children, would be writing into the deed a distinct conveying clause not now in it. The granting clause of the deed does not convey to any one except Orin Hill, and if these added words have any significance at all they simply mean that, although a fee-simple estate has been created in Hill, he cannot convey it

unless his youngest daughter shall join in the convey-ance. It does not refer to any of the other children, or intimate an intention to convey anything to them. The last clause is meaningless, as written; but it cannot mean anything more than an attempt to repeat what has been said in the first interlined clause. In addition to the rules of interpretation which we have recently laid down in the case of *Dickson v. VanHoose,* 157 Ala. 459, 47 South. 718, it is necessary to mention but one other, to-wit: "Where an estate in fee simple is granted to a person, by proper and sufficient words, a clause in the deed which is in restraint of alienation is void and will be rejected."—13 Cyc. 669; *McDowell v. Brown,* 21 Mo. 57, 59, 60; *Hardy et al. v. Galloway,* 111 N. C. 519, 15 S. E. 890, 32 Am. St. Rep. 828; *Pritchard v. Bailey,* 113 N. C. 521, 18 S. E. 668; *English v. Beehle,* 32 Mo. 186, 82 Am. Dec. 126; *Miller v. Denny,* et al. (Ky.) 34 S. W. 1079, 1080.

There was no error in giving the general charge in favor of the defendant. The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.

