# Head *v.* Hunnicutt.

*Ejectment.*

(Decided April 20, 1911.  55. South. 161.)

1. *Deeds; Construction; Repugnant Clauses; Doubtful Words.*— Where two clauses in a deed are inconsistent or irreconcilable, the latter clause must give way to the former; if, however, the words of the latter clause are of doubtful import, they will not be so construed as to contradict the certain words of the preceding clause.

2. *Same; Property Conveyed; Granting Clause.*—A granting clause in a deed will control an interlocutory recital as to the inference intended to be conveyed notwithstanding the recital may appear first in the deed.

3. *Same.*—Where the deed was from one of two sole owners of a corporation's property and stock, which had been jointly owned by the two, and conveyed certain lands by particular description, with a subsequent clause declaring that the purpose was to convey as well all the timber rights owned by the parties jointly in Bibb County, such recital meant the entire interest of the grantor in the lands described and all joint interests of the grantor in real estate and timber rights in Bibb County, and not his individual land not embraced in the lands specifically described.

4. *Vendor and Purchaser; Construction and Operation of Contract.*—Where the contract was between two sole owners of the property and stock of a corporation and was made for the purpose of winding up the affairs of the corporation, and of dividing the assets owned by the two parties, all belonging to the corporation, the provision in one item for the conveyance of all the land and timber rights held in names of Hunnicutt and Neal, W. A. Neal and J. W. Hunnicutt, in Bibb County, Alabama, meant a conveyance of land held in the firm name or in the name of the two persons jointly, and not of lands held in the name of either one of the two separately.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Ejectment by M. M. Head against J. W. Hunnicutt. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The controversy seems to be to recover the western one-third of a lot upon which is situated a commissary of the Hunnicutt Lumber Company and the stables of J. W. Hunnicutt. The lot is described as 1 1/3 acres in

the S. W. ¼ of the S. E. ¼, section 28, township 23, range 10 E., in Bibb county, Ala., beginning at the southeast corner of the Sandy Church lot on the north side of Randolph and Centerville public roads; thence north along said church lot line 55 yards; thence east 132 yards; thence south 55 yards; thence west 132 yards to the point of beginning. It seems that J. M. Hunnicutt and W. A. Neal owned all the stock of the Hunnicutt-Neal Lumber Company, and desired to divide their property, each owning and controlling one-half of the capital stock of the company, and in pursuance thereof entered into the following agreement:

"That, whereas, the said parties hereto own and control all of the capital stock of the Hunnicutt-Neal Lumber Company, a corporation, each owning and controlling one-half thereof, and the other property hereinafter named, and desirous of dividing their interest, so that one of said parties may acquire all of the capital stock, and therefore the exclusive control of said company, and to further effect a division of their other property and a part of the corporate property, do hereby mutually agree: (1) That J. W. Hunnicutt will have until noon of the 20th day of November, 1907, to accept by written indorsement thereon or by a separate paper writing the certain properties described in either of the items hereto annexed, marked items No. 1 and No. 2, leaving the property in the other said items to the said W. A. Neal. If the said Hunnicutt shall fail by noon of said day to make known as aforesaid which of said items he accepts, then said Neal may select any one of such items after noon of said day and before noon of November 25, 1907, by indorsement thereon or by separate paper writing, and the other of said items shall belong to said J. W. Hunnicutt. The said items, and also item No. 3 hereto annexed, are hereby referred to and made

4—172.

a part of this agreement. Immediately after this agreement becomes binding by indorsement hereon or by separate paper writing the Hunnicutt-Neal Lumber Company shall convey to J. W. Hunnicutt and W. A. Neal jointly the lands and timber rights mentioned in item No. 2, and the party who under the provision provided in this agreement becomes entitled to the property and rights described in item No. 1 shall convey to the other an undivided half interest in the lands mentioned in item No. 2 for the consideration of $13,500, which general warranty, such sum representing the estimated value of such interest in said land, and the said Hunnicutt-Neal Lumber Company shall transfer to said party becoming entitled to item No. 2, the Lathrop Lumber Company's note, indorsing the same without recourse, and other rights mentioned in item No. 2. (2) The party becoming entitled to the property described in item No. 1, the other party will cause the transfer of one-half of the capital stock of the Hunnicutt-Neal Lumber Company. The lands in Cleburne and Tuscaloosa counties owned by the Hunnicutt Lumber Company are to be conveyed by the said company to J. W. Hunnicutt and W. A. Neal jointly, and the party becoming entitled to item No. 2 shall convey the same to the party acquiring item No. 1 (or to the Hunnicutt-Neal Lumber Company) an undivided half interest in said lands, and an undivided third interest in the lands in Cleburne county owned by J. W. Hunnicutt and W. A. Neal, jointly (Crider, Herren, Evans, Jackson, Shackelford, and Wheeler lands; Vaughan retaining his interest), and an undivided one-half interest in the Anna Howe extension interest held in the name of B. W. Vaughan, with good and sufficient warranty, the deed to recite the consideration of $9,750, being the estimated value of such interest in said land.

"Item No. 1. All the capital stock of the Hunnicutt-Neal Lumber Company; the lands in Cleburne county known as the Crider, Herren, Evans, Jackson, Shackelford, and Wheeler lands, two-thirds undivided interest; the Woodstock Iron Company lands; the interest in the Anna Howe extension land held by W. A. Neal, J. W. Hunnicutt, D. W. Vaughan, with the lands in Tuscaloosa county known as the Derrett lands—the party acquiring this item No. 1 to have just such rights as regards this land (the Derrett land) as the company now has—may buy the land and acquire the title or retain the money to be applied to such persons, if not made, which is agreed to be left in the treasury of the company ($3,000) for that purpose. The party accepting this item is to have the $500 which is with the First National Bank of Tuscaloosa, Ala.; a sufficient amount of cash now on hand, and, if not sufficient cash on hand, it shall be supplemented by notes, accounts, and bills receivable to pay the debts of the company up to the date of the transfer; the money in bank to be treated as cash or as an account at the election of the party acquiring item No. 1. This item is also to include any other interest in the said Anna Howe extension held by said Hunnicutt and Neal; also all the lands and timber rights held in the names of Hunnicutt & Neal, W. A. Neal, and J. W. Hunnicutt, situated in Bibb county, Alabama, to be conveyed without warranty; all the lands in Tuscaloosa county owned by the Hunnicutt-Neal Lumber Company (additional to the Derrett lands above mentioned) included in this item.

"Item No. 2. All the lands and timber rights in Tallapoosa, Elmore, Blount, and Jefferson counties owned by the Hunnicutt-Neal Lumber Company on the date of the acceptance of the proposition to which this item is annexed as a part; also notes Nos. 4 to 14, both inclu-

sive, each for $1,000, on Lathrop Lumber Company; also the right of the said company to the $500 left with Attorney Lull at Wetumpka, or the company's right to the land which was to be purchased with this money.

"Item No. 3 includes all notes, accounts, and bills receivable and cash not covered by items 1 or 2 owned by the Hunnicutt-Neal Lumber Company, collected by either party, etc., and all lumber on hand."

On November 15, 1907, J. W. Hunnicutt filed his written choice of the properties described in item 1, which was approved by W. A. Neal on the same date. On the same day W. A. Neal and wife executed to J. W. Hunnicutt, without warranty of title, a deed to the following land: N. W. ¼ of S. E. ¼, section 6, township 23, range 9 E., the W. ½ of N. W. ¼ of S. E. ¼ and the S. W. ¼ of section 15, and the S. E. ¼ of section 16, and the N. E. ¼ of the N. W. ¼ of section 22, township 23, range 10 E., and all timber rights and easements owned by Hunnicutt & Neal, a partnership composed of J. W. Hunnicutt and W. A. Neal, and all timber rights and easements owned by Hunnicutt and Neal jointly on lands in Bibb county, Ala.; the purpose of this conveyance being a conveyance by the grantors of their entire interest in real estate and timber rights in Bibb county, Ala., to the grantee without warranty of title. On the 22d day of August, 1898, Victoria G. and James N. Brown conveyed to W. A. Neal, by deed with full covenants of warranty the following real estate: Beginning at stake north of public road at corner of graveyard lot, running east, north of public road, 390 feet to stake; thence north 165 feet to stake; thence west 390 feet to stake; thence south 165 feet to the beginning point, containing 1½ acres, more or less, situated in Bibb county, Ala. On September 26, 1908, W. A. Neal and wife executed to M. M. Head a deed with full covenants of war-

[Head v. Hunnicutt.]

ranty to the following described property: One lot upon which the residence of W. A. Neal and other buildings and all appurtenances near Vick post office are now located, and more particularly described as follows: Beginning at southeast corner of Sandy Church lot, north side of the Randolph and Centerville public roads, along said church lot 55 yards; thence easterly 132 yards; thence south 55 yards; thence west 132 yards; thence south 55 yards; thence west 132 yards, to the point of beginning, located in the S. W. ¼ of S. E. ¼, section 28, township 23, range 10, and containing 1½ acres, more or less. The testimony tended to show that the lot described in the deed from Brown to Neal was the same as that described in the deed from Neal to Head.

DANIEL COLLIER, and JOHN T. ELLISON, for appellant. The sole point in this case is the proper construction to be placed upon the deed of Neal and wife to Hunnicutt. As to the proper rules of construction see.—*Campbell v. Gilbert,* 57 Ala. 570; *Dickson v. VanHoose,* 47 South. 720; 110 Ala. 394; *May v. Ritchie,* 65 Ala. 602; 17 A. & E. Enc. of Law, 2. The question then is not what the parties may have meant or intended, but what is the meaning of the words which they have used, which is taken as an important distinction.—58 Ala. 636; 79 Ala. 516; 17 A. & E. Enc. of Law, 2. The whole instrument must be considered rather than any particular clause. —*Brush E. L. Co. v. Montgomery,* 114 Ala. 433. The doctrine of ejusdem genaris applies.—17 A. & E. Enc. 6; *Going v. Hilton,* 95 Ala. 591; 13 Cyc. 616; *Dickson v. VanHoose, supra.* From these authorities it follows that the deed conveyed only the joint or firm rights of the individuals composing the corporation and not of lands owned separately by them.

LAVENDER & THOMPSON, for appellee. Parol evidence is not admissible to cure a patent ambiguity.—*Chambers v. Ringtsaff,* 69 Ala. 140; *Dane v. Glennon,* 72 Ala. 160; *Dixon v. Lewis,* 144 Ala. 459. It is the duty of the court to declare the meaning of what is written, and not what was intended to be written.—*Guilmartin v. Wood,* 76 Ala. 204. The doubtful terms of the contracts are construed most strongly against the promissor.—*Seay v. McCormick,* 68 Ala. 549; *Chambers v. Ringstaff, supra.*

ANDERSON, J.—That the land in question was owned by W. A. Neal individually, and was not bought with partnership or corporate funds, there is no dispute. Nor was there an attempt to embrace it by a specific description in the contract of settlement or the deed from Neal to Hunnicutt. The deed makes no attempt to convey this land, unless an intention to do so is to be gathered from the last clause, declaring that the purpose of same is to convey the entire interest of the grantors in real estate and timber rights in Bibb county.

If two clauses in a deed are entirely inconsistent and irreconcilable with each other, the latter must give way to the former.—*Petty v. Boothe,* 19 Ala. 633; *McWilliams v. Ramsay,* 23 Ala. 813; *Webb v. Webb,* 29 Ala. 588. But, if the words of the latter clause are of doubtful import, they will not be so construed as to contradict the certain words of a preceding clause.—*Petty v. Boothe, supra.*

It also seems that a granting clause will control an interlocutory recital as to the interest intended to be conveyed, notwithstanding the interlocutory clause may appear first in the deed.—*Webb v. Webb, supra.* The clause here appears after the granting clause, and, if they were repugnant, the granting clause must pre-

vail, and if not repugnant, but the latter is of doubtful meaning, the granting clause should explain and control same.

The granting clause conveys certain land by special description, as well as all timber rights and easements owned by the parties jointly in Bibb county. Therefore the last clause means the entire interest of the grantor in the above-described land and all joint interest of the grantor in real estate and timber rights in Bibb county, and not the individual lands of Neal, not embraced in the lands specifically described. So, if the deed stood alone, we would not hesitate to hold that it did not convey the land in question; but if construed in connection with the contract of the same day, and leading up to the deed and looking to a settlement and division of the corporate property and that owned jointly by Neal & Hunnicutt, together with the parol evidence admitted by the court, we are still of the opinion that the grantor did not intend to convey the land in controversy.

The contract was manifestly intended to wind up and settle the affairs of the corporation and partnership, and to divide the assets including all lands owned by the parties jointly, or belonging to the corporation, and whether the title was in the firm name of Hunnicutt & Neal or in the names of J. W. Hunnicutt and W. A. Neal. It is true that item 1 of the contract provides for the conveyance of all the land and timber rights "held in the names of Hunnicutt & Neal, W. A. Neal and J. W. Hunnicutt in Bibb county, Alabama." This means land held in the firm name of Hunnicutt & Neal or J. W. Hunnicutt and W. A. Neal jointly, and not held in the name of J. W. Hunnicutt or W. A. Neal alone. It must be noted that the word "names," and not "name," is used, and that J. W. Hunnicutt and W. A. Neal are

set out in the conjunctive, and not disjunctively. This is not only the meaning of this clause of the item when considered alone, but, when considered with the entire contract, it is perfectly plain that the parties did not intend to convey their individual property.

The trial court erred in giving the general charge requested by the defendant, and in not giving the one requested by the plaintiff, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.