(112 So. 815)

### WARD v. TORIAN. (8 Div. 840.)

Supreme Court of Alabama. March 24, 1927.

Rehearing Denied June 2, 1927.

**1. Deeds ☞124(3)—Granting clause conveying fee-simple estate by implication of law, may be effectively limited in other part of deed.**

Where granting clause of deed conveys fee-simple estate, not in express terms but by implication of law, limitation on estate may be effectively declared in habendum or any other part of deed.

**2. Deeds ☞135—Deed from S. T. T. to S. T. T., Jr., for life, with provision that on grantee's marriage title should vest in "said S. T. T." in fee simple, granted son fee-simple title on subsequent marriage.**

Deed from S. T. T. to son, S. T. T., Jr., for life, with provision that on grantee's marriage title to all land conveyed should vest in "said S. T. T." in fee simple, granted title to son in fee simple on his subsequent marriage; "said S. T. T." referring to S. T. T., Jr., rather than S. T. T.

**3. Names ☞4—"Jr." is no part of name and need not be repeated in deed after grantee is once clearly identified, notwithstanding that father of same name was grantor.**

Where grantee in deed is once clearly identified therein as S. T. T., Jr., it is not necessary that "Jr." be afterwards repeated, even though father, S. T. T., was grantor, since word "Jr.," or words of similar import, are ordinarily mere matters of description and no part of person's name.

**4. Deeds ☞95—Word "said" in deed ordinarily refers to next appropriate antecedent.**

Word "said" in deed is relative word, and ordinarily refers to next appropriate antecedent and not to one more remote (citing Words and Phrases, "Said").

On Rehearing.

**5. Appeal and error ☞714(5)—Argument reciting matters not disclosed by record cannot be considered.**

Argument on application for rehearing reciting matters not disclosed by record cannot be considered by Supreme Court.

Appeal from Circuit Court, Lawrence County; James E. Horton, Judge.

Action in ejectment by S. T. Torian against Helen T. Ward. From a judgment for plaintiff, defendant appeals. Affirmed.

G. O. Chenault, of Albany, and Cooper & Cooper, of Huntsville, for appellant.

The whole instrument will be considered together to ascertain the intention of the grantor. CarlLee v. Ellsberry, 82 Ark. 209, 101 S. W. 407, 12 L. R. A. (N. S.) 956, 118 Am. St. Rep. 60; Campbell v. Noble, 110 Ala. 394, 19 So. 28. Effect will be given to subsequent clauses in a deed curtailing the estate granted in the granting clause, provided the intention of the grantor to do so appears. Adams v. Merrill, 45 Ind. App. 315, 85 N. E. 114, 87 N. E. 36; Kendall v. Parsons, 81 Kan. 192, 105 P. 25; Williams v. Grimm (Ky.) 112 S. W. 839; Condor v. Secrest, 149 N. C. 201, 62 S. E. 921; Bassett v. Budlong, 77 Mich. 338, 43 N. W. 984, 18 Am. St. Rep. 404.

E. W. Godbey, of Decatur, for appellee.

The granting clause is unequivocal and clear in vesting a fee-simple title in Torian, Jr., and dominates the habendum clause. Coker v. Hughes, 205 Ala. 344, 87 So. 321; Self v. Self, 212 Ala. 514, 103 So. 591. If it is doubtful which Torian is meant by the concluding clause, that clause will not be allowed to contradict the certain words of preceding clauses. Head v. Hunnicutt, 172

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ala. 48, 55 So. 161. If the habendum attempts to limit the estate to a life estate, then it is in irreconcilable conflict with the granting clause. Dickson v. Van Hoose, 157 Ala. 459, 47 So. 718, 19 L. R. A. (N. S.) 719. It was the clear intention to vest a fee-simple estate in Torian, Jr., in case he should marry. Day v. Shiver, 137 Ala. 185, 33 So. 831. A construction of the deed, which would destroy the fee simple in Torian. Jr., and revert it to the grantor, on the occasion of the marriage of Torian, Jr., would be in restraint of marriage and void. White v. Equitable Union, 76 Ala. 259, 52 Am. Rep. 325; Knost v. Knost, 229 Mo. 170, 129 S. W. 665, 49 L. R. A. (N. S.) 627; Lowe v. Doremus, 84 N. J. Law, 658, 87 A. 459, 49 L. R. A. (N. S.) 632; Hogan v. Curtin, 88 N. Y. 162, 42 Am. Rep. 244; Bostick v. Blades, 59 Md. 231, 43 Am. Rep. 548.

SOMERVILLE, J. The action is in statutory ejectment, and the determination of title as between the parties depends upon the construction to be given to the deed upon which plaintiff relies.

The grantor in the deed was S. T. Torian, Sr., and the grantee is S. T. Torian, Jr., the plaintiff in this suit. The grantor was a widower with two children, one son, the plaintiff, and one daughter, the defendant. When the deed was executed in February, 1919, the son was unmarried, but was married in August, 1920. The grantor died in February, 1924.

The plain intention and unmistakable effect of the deed, apart from the disputed clause to be presently considered, was to vest in the grantor's son, S. T. Torian, Jr., a present estate in the land, to take effect in possession upon the death of the grantor, and to be limited to the grantee's own lifetime.

[1] Where the granting clause conveys a fee-simple estate, not in express terms but by implication of law merely, as in this deed, a limitation on the estate granted may be effectively declared in the habendum or any other part of the deed. In such a case there is no conflict between the grant and the limitation. Riggin v. Love, 72 Ill. 553; note, 8 Ann. Cas. 446. Hence the limitation of the interest here conveyed to a life estate in the grantee was valid and effective, except as it may have been enlarged or diminished by other clauses of the deed.

[2] After declaring that "all the land here conveyed to the said S. T. Torian, Jr., shall vest in him for life only, with the remainder in his heirs but with no power in the said S. T. Torian, Jr., to sell or mortgage said land or his life estate in the same," the grantor declares further: "Should the said S. T. Torian, Jr., marry, then and in that event the title to all the land here conveyed shall vest in the said S. T. Torian. To have and to hold to

him, his heirs and assigns in fee simple forever."

Plaintiff's contention is that this clause enlarged his interest, upon his subsequent marriage, into a fee-simple estate, "the said S. T. Torian," in whom the title is then to vest, being the same person designated just above as S. T. Torian, Jr. Defendant's contention is that the clause in question diminished the grantee's estate by imposing upon it a conditional limitation, upon the happening of which the estate previously granted was extinguished, the theory being that the omission of the suffix, "Jr.," from "S. T. Torian," indicates the designation of S. T. Torian, Sr., as the person in whom the forfeited estate was to vest.

We entertain no doubt of the correctness of the construction in favor of plaintiff.

1. The general purpose of the grantor was to give the title and use of the property to his son the grantee, excepting the life estate reserved to himself.

2. To provide for a forfeiture of all interest in the land in case of the grantee's marriage would have been contrary, not only to general legal and social policy (8 R. C. L. 1118, § 180), but to the ordinary and natural sentiments of a father looking to the establishment of a home for his son and the well-being of his family, consequent upon his assumption of the marriage relation. In such an event, every consideration of sentiment and policy would suggest the enlargement of the very limited estate granted, rather than the penalty of its complete extinction and loss.

[3] 3. "The word Junior, or Jr., or words of similar import, are ordinarily mere matters of description, and no part of a person's legal name." Teague v. State, 144 Ala. 42, 40 So. 312; Coit v. Starkweather, 8 Conn. 290; State v. Grant, 22 Me. 171; Jameson v. Isaacs, 12 Vt. 611.

The only object in describing the grantee as "S. T. Torian, Jr.," was to indicate to the uninformed that there was a junior, and render his identification, as the grantee intended, the more certain on the face of the deed. Having been once clearly identified by the descriptive word "Jr.," it was not necessary for certainty that the word be afterwards repeated, no other S. T. Torian having been referred to in the deed.

[4] 4. The word "said" is a relative word, and, nothing to the contrary appearing, it ordinarily refers to its next appropriate antecedent, and not to one more remote. Carver v. Carver, 97 Ind. 497, 502; Hinrichsen v. Hinrichsen, 172 Ill. 462, 50 N. E. 135; Ellis v. Horine's, etc., 8 Ky. (1 A. K. Marsh.) 417; Brown v. State, 28 Tex. App. 379, 13 S. W. 150, 151; 7 Words and Phrases, p. 6285.

At the beginning of the deed the grantor refers to himself, in the first person, as "I, S. T. Torian," and thereafter speaks throughout the deed in the first person only, and never re-

216 ALA.—19

fers to himself in the third person as S. T. To-
rian. This is very significant, so significant,
in fact, as to forbid the conclusion that "the
said S. T. Torian" in this clause related to "I,
S. T. Torian" in the first line of the deed, thus
overleaping the immediate antecedents of "S.
T. Torian, Jr.," to which it more naturally
and fitly relates, and also assuming that the
grantor, in that clause alone, adopted a new
and different mode of speech by referring to
himself in the third person.

5. The language of the clause is apt for the
conveyance of title to another, and wholly in-
appropriate for the reservation of a reversion,
or the declaration of a forfeiture, in favor of
the grantor. To accomplish the latter pur-
pose the habendum would not have been used
either by an expert or an ignorant scrivener;
for this habendum, "To have and to hold to
him [the said S. T. Torian], his heirs and as-
signs in fee simple forever," by its very terms
imports an alienation, and cannot be referable
to the grantor himself.

Other considerations might be urged, but
we think the foregoing are sufficient to sus-
tain the ruling of the trial court in the ad-
mission of this deed to show title in the plain-
tiff. It results that the jury were properly
instructed to find for the plaintiff, and the
judgment will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and
BROWN, JJ., concur.

On Rehearing.

SOMERVILLE, J. [5] As a background
for the argument presented on application for
rehearing, counsel for appellant recite many
matters which are not disclosed by the record,
and which therefore could not be considered
even if they were otherwise proper for con-
sideration as an aid to the construction of the
deed before us.

We note that counsel, in their argument as
to the purpose and effect of the deed, drop
naturally and inevitably into the phrases
which are usual for effecting a reversion or a
forfeiture of an estate granted, and which, if
they had been used in this deed, would cer-
tainly have left no doubt as to the grantor's
intention. Counsel say that the grantor's de-
sire was to make a deed to his son with the
provision that "in the event the son marries
the title shall revert to the grantor"; and
that a father may lawfully make a deed to his
son with the limitation that "the title shall be
divested in the event of marriage"; and "he
does not wish him to marry, but if he does he
merely forfeits his rights to the property."
It is inconceivable that a trained conveyanc-
er, properly instructed to declare a reversion,
or a forfeiture, or a divestiture of the son's
life estate, in the event of his marriage,
should have missed all of these plain and

commonly used expressions, and instead used
words of grant and alienation—words ap-
propriate only to the investiture of title in
another. There is not a syllable in the deed,
nor in the record before us, suggestive of the
grantor's opposition to his son's marriage.
There is nothing unusual in the granting of
a life estate to a son, with provision for its
enlargement into a fee simple upon his mar-
riage.

Appellant's argument is rested as it can
only be rested, upon the assumption that "S.
T. Torian" in the deed is used only in the des-
ignation of the grantor, S. T. Torian, Sr., and
that S. T. Torian, Jr., is uniformly through-
out the deed designated as "S. T. Torian, Jr."
But the argument breaks down completely in
view of the fact, evidently overlooked by
counsel, that in the second paragraph of the
deed, referring to the four acres of land in
which S. T. Torian, Jr., had been given a one-
half interest, and his sister, Helen Torian
Ward, also a one-half interest, "with the
right vested in the said S. T. Torian, Jr., to
purchase the interest of his sister * * *
in said four (4) acres of land for the sum of
two hundred ($200.00) dollars," there im-
mediately follows: "Upon the payment of
which said sum of $200.00 by the said S. T.
Torian to the said Helen T. Ward, the fee
simple interest of the entire four acres shall
vest in the said S. T. Torian, Jr." Manifest-
ly and indisputably the grantee, the Junior, is
here referred to simply as "S. T. Torian";
"the said S. T. Torian" being applicable to
the preceding "S. T. Torian, Jr.," and the
succeeding "S. T. Torian, Jr.," being appli-
cable to the preceding "S. T. Torian."

Our re-examination of the deed confirms
us in the conclusion originally expressed, and
the application for rehearing will be over-
ruled.

ANDERSON, C. J., and THOMAS and
BROWN, JJ., concur.