GARGIS v. KENNEMER et al. (8 Div. 956.)

Supreme Court of Alabama. June 30, 1927.

I. Deeds ☞105—Deed naming husband alone in granting clause and husband and wife in habendum conveys entire estate to husband.

Where one is named as grantee in the granting clause and in the habendum the same person with his wife is named, the husband takes the entire estate conveyed, so that on wife's death intestate, without issue, her brothers and sisters do not take any interest therein.

2. Deeds ☞97—Words of granting clause will prevail where prefatory words, granting clause, and habendum are in conflict.

The words of the granting clause will prevail where there is conflict between the prefatory words, the granting clause, and the habendum clause of a deed.

Appeal from Circuit Court, Colbert County; Chas. P. Almon, Judge.

Bill in equity by John Gargis against J. W. Kennemer and others, and cross-bill by respondents. From a decree overruling a demurrer to the cross-bill, complainant appeals. Reversed, rendered, and remanded.

The bill, filed by John Gargis, shows that Emma Kennemer Gargis, the wife of complainant, died intestate, leaving no children or descendants, but left surviving her as heirs or next of kin, besides the complainant, a brother, a sister, and several descendants of two brothers and a sister, deceased. These parties are made respondents to the bill. Complainant alleges that he is in actual, peaceable possession of and claiming to own and hold the fee-simple title to a described 80-acre tract of land; that he acquired title to same by a deed executed to him by Henry and Annie Stutts, said deed being of record in the probate office, and a copy thereof exhibited to the bill. It is further alleged that the respondents deny or dispute, or are reputed to deny or dispute, complainant's title to the real estate described, or claim, or are reputed to claim some right, title, or interest in, or lien or incumbrance upon said real estate; that no suit is pending to enforce or test the validity of such title, claim, or incumbrance; that complainant brings the suit to settle the title to such land and clear up all doubts or disputes concerning the same, and calls upon respondents to set forth and specify their title, claim, interest, or incumbrance, and how and by what instrument the same is derived and created. There is an appropriate prayer to quiet the complainant's title.

The deed made exhibit to the bill is as follows:

"Know all men by these presents, that we, Henry Stutts and Annie Stutts, his wife, for and in consideration of $1,600 to us paid in hand by John Gargis and Emma Gargis, his wife, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell, and convey unto the said John Gargis the following described property, to wit: The southeast quarter of the northeast quarter of section 20, township 3, range 9 west, and the southwest quarter of the northwest quarter of section 21, township 3, range 9 west, containing 80 acres more or less, situated, lying, and being in the county of Colbert and state of Alabama;

"To have and to hold the same unto the said John Gargis and Emma Gargis, heirs and assigns forever. And we do for our and our heirs, executors, and administrators covenant with the

said John Gargis and Emma Gargis, heirs, and assigns that we are lawfully seized in fee simple of said premises; that they are free from all incumbrance, and that we have a good right to sell and convey the said property; that we will and our heirs, executors, and administrators shall warrant and defend the same to said John Gargis and Emma Gargis, heirs, executors, and assigns forever against the lawful claims of all persons whatsoever.

"Given under our hand and seal this the 9th day of September, 1910."

By their cross-bill, respondents deny that complainant is the owner in his own right of the lands described, and allege that the deed exhibited shows that respondents are owners of one-half interest therein and are joint owners of same with the complainant, the complainant owning an undivided one-half interest and a life estate in the remaining half interest. It is further alleged that the land cannot be equitably divided between the cross-complainants (respondents) and cross-respondent (original complainant) without a sale. The prayer is for a sale of the lands and division of the proceeds between cross-complainants and cross-respondent.

Demurrer to the cross-bill takes the point that the deed exhibited shows title in cross-respondent (original complainant) solely, and, therefore, that the cross-bill shows cross-complainants have no interest in the property, are not tenants in common with cross-respondent, and have no right to maintain suit for division.

The trial court by its decree construed the deed as conveying the property jointly to John and Emma Gargis, and overruled the demurrer to the cross-bill. From this decree complainant has appealed, assigning the same as error.

W. H. Shaw, of Tuscumbia, for appellant.

The words of the granting clause will prevail where there is a conflict between the prefatory words, the granting clause, and the habendum clause of the deed. Dickson v. Van Hoose, 157 Ala. 459, 47 So. 718, 19 L. R. A. (N. S.) 719; Graves v. Wheeler, 180 Ala. 412, 61 So. 341; Head v. Hunnicutt, 172 Ala. 48, 55 So. 161; Webb v. Webb, 29 Ala. 588; 4 Thompson, Real Prop. 445. A recital of payment of consideration by two grantees does not operate to pass any title to one of them whose name is omitted from the granting clause. 8 R. C. L. 955; Hardin v. Hardin, 32 S. C. 599, 11 S. E. 102.

Nathan, Nathan & Nathan, of Sheffield, for appellees.

Brief did not reach the Reporter.

ANDERSON, C. J. [1] While the deed in question acknowledges payment of the purchase money by John Gargis and his wife, Emma Gargis, the grant is to John Gargis alone. The habendum says, "To have and to hold the same unto the said John Gargis and Emma Gargis," thus creating a conflict between the grant and habendum. It is not a question of an open undefined estate, which is subject to be explained, limited, or qualified, as held in the case of Graves v. Wheeler, 180 Ala. 412, 61 So. 341. 4 Thompson on Real Property, § 3326.

"Where there is no repugnancy between the granting clause and the habendum, a party not named in the former may take under the deed if named in the latter. Thus there is no repugnance between the two clauses when the party who is to take is not named in the grant, but may be ascertained from the habendum. A person who is not named in the premises as a grantee may take by way of remainder, but when the grant is to one person the habendum cannot be operative when it is to him and another to take as joint tenants or tenants in common. In a case of that character the habendum would be at variance with the grant." 1 Devlin on Real Estate (Deeds) § 219.

"If one grantee is named in the premises, and in the habendum the same person with another is named, the grantee named in the premises will take the estate conveyed, and the person not so named will take nothing." 4 Thompson on Real Property, § 3328.

[2] The words of the granting clause will prevail where there is a conflict between the prefatory words, the granting clause, and the habendum clause of the deed. Van Hoose v. Dickson, 157 Ala. 459, 47 So. 718; Graves v. Wheeler, 180 Ala. 412, 61 So. 341; Head v. Hunnicutt, 172 Ala. 48, 55 So. 161; Webb v. Webb, 29 Ala. 588. We therefore hold that John Gargis took the entire estate under the deed and his wife, Emma, took nothing.

The trial court erred in overruling the demurrer to the cross-bill, and the decree of the circuit court is reversed, and one is here rendered sustaining the demurrer, and the cause is remanded.

Reversed, rendered, and remanded.

SOMERVILLE, GARDNER, and THOMAS, JJ., concur.