(130 So. 890)

**WEATHERFORD v. WEATHERFORD et al.**
**8 Div. 198.**

Supreme Court of Alabama.
Oct. 16, 1930.

Rehearing Denied Nov. 28, 1930.

J. G. Rankin, of Athens, for appellant.

A. J. Harris and Julian Harris, both of Decatur, for appellees.

**SAYRE, J.**

Plaintiff, appellant, brought her statutory action of ejectment, and defendants pleaded the general issue. The case was tried by the court without a jury, and the facts are agreed upon. Plaintiff and defendants alike claimed title through a deed executed by A. M. Weatherford, Sr., and by him delivered to A. M. Weatherford, Jr. The report of the case contains the parts of the deed necessary to an understanding of the controversy between the parties.

■■ The question presented for decision is whether the deed created a fee or an estate for life only in grantee. The grantee left no bodily heirs. Plaintiff's contention was and is that the named grantee took a fee simple, which was vested in her (plaintiff) by grantee's will; defendants insist that the grantee took an estate for life only, and that, upon his death, the title reverted to themselves as the heirs at law of the grantor.

The judgment here is with the plaintiff, appellant.

The grantee, as we have stated above, had no children, no lineal descendants, no posterity in the regular order and course of descent. It will be conceded that, if A. M. Weatherford, Jr, had left lineal descendants, they would have taken under the deed of Weatherford, Sr. But, as the event was, the course of descent was controlled by the limitation over to "his legal heirs or nearest kin." This alternative or conditional limitation put the fee in the grantee, Weatherford, Jr., in virtue of section 6901 of the Code. The language of the limitation over is "legal heirs or nearest kin." Just what is meant by this alternative limitation over in the circumstances of this case is not clear. Our best judgment is that the two phrases mean the same thing—are used interchangeably. 29 C. J. 302, note 83. So construed, the limitation over is to heirs and vested a fee simple in the junior Weatherford (Code, § 6900), which passed by his will.

Appellees lay stress upon Deramus v. Deramus, 204 Ala. 144, 85 So. 397, Dickson v. Dickson, 178 Ala. 117, 59 So. 58, 59, and McWilliams v. Ramsay, 23 Ala. 813. In the first named of these cases there were children at the time of the deed, the effect of which was in controversy, and it was held that the children took an estate under the deed. Shuttle & Weaver v. Barker, 178 Ala. 366, 60 So. 157; Williams v. McConico, 36 Ala. 22. In McWilliams v. Ramsay, and Dickson v. Dickson, supra, the decisions were controlled by the fact that "the donor not only, in express terms, limits the beneficial interest of the wife," the donee in the first-named case, "to her life, but he also makes a disposition of the property after the termination of that interest." And it was agreed that the wife took but a life interest. The facts of the cases here adverted to sufficiently distinguish these cases from the case at bar.

The judgment will be reversed, and the cause remanded to the end that a judgment in agreement with this opinion may be rendered in the trial court.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.