KRAMER v. MOORE.

Division B. Oct. 8, 1951.

No. 37968 (54 So. (2d) 405)

**Welch, Cooper & Welch,** and **C. Denton Gibbes, Jr.,** for appellant.

**Parker & Williamson,** for appellees.

**Roberds, P. J.**

Mrs. Kramer, who was Mrs. Case when she filed her bill herein, claims title to a 2/5th undivided interest in approximately 130 acres of land described as Lots 6 and 7, in Section 10, Township 3, Range 15, Clarke County, Mississippi. She asserts she is vested with a 1/5th interest by virtue of conveyances through Mariah Reed, one of the five heirs at law of Perseller Howze, deceased, and is vested with an additional 1/5th undivided interest by virtue of adverse possession of herself and her predecessors in title. Respondents to the bill, who claim through Perseller Howze and her husband Mack Howze, contend that appellant has only a 1/10th undivided

interest in the land. They say title was vested in both Perseller Howze and Mack Howze, and not in Perseller alone, in consequence of which Mariah Reed had only a 1/10th interest. This interest, and no more, respondents say, was acquired by appellant under the deed from Mariah, and they deny that appellant has acquired any title whatever by adverse possession. In other words, as to the record title, the parties are in agreement that if Perseller alone took title appellant has a 1/5th interest by virtue of mesne conveyances; if Perseller and her husband Mack Howze became joint owners, then the estate acquired by appellant by conveyances is a 1/10th undivided interest. We will first determine the interest acquired by appellant through conveyances. The chancellor found that to be a 1/10th interest. The question involves and depends upon the construction of a deed executed December 7, 1875, by E. E. Chapman—whether that conveyance was to Perseller alone or to her and her husband, Mack Howze. ■■ ■ The record of the deed, as shown by a photostat thereof, is as follows:

"E. E. Chapman
to
Perseller Howze } Know all men that for and in consideration of the sum of

two hundred & forty five 68/100 Dollars secured by a note for that sum date this day and due on the first day of October 1876 signed by Perseller Howze and her husband Mack Howze I have this day sold to them the said Perseller Howze her her and assges the following tract of Land to wit Lot No. Six & seven in Section No. 10 T 2 of R 15 East containing about 130 acres together with all and singular the tenements thereto belonging and all the estate tittle and interest of the Edward E. Chapman to said premises and will warrant and defend the title to the said free from all persons claiming under or through me the said E. E. Chapman In writing I this

day have signed sealed and deliver this deed this 7 day of December 1875

                              "E E Chapman (seal)
"Witnesf
"Sam W Chapman"

Following the foregoing is an affidavit of Sam W. Chapman as a subscribing witness to the execution of the deed and notation of the recording date thereof.

It is our opinion that this deed vested title in Perseller Howze alone. We reach that conclusion through this process of reasoning:

While the conveyance says "I have this day sold to them", following the recital that Mack and Perseller had both signed the note for the purchase price, yet the word "them" is explained and defined by the subsequent phrase "the said Perseller her her assges". Had the deed been to both of them the natural recital would have beer to "their" heirs and assigns. While the facts are not the same, the case of Raley v. Raley, 121 Miss. 555, 83 So. 740, has some bearing upon the question.

It will be noted the deed as recorded contained the caption "E. E. Chapman to Percilla Howze." It is not shown whether this caption was on the deed when it was recorded or was placed upon the record by the recorder. If on the deed itself, that is strong evidence in support of our conclusion; if placed there by the recorder it shows he understood at the time that Perseller was the sole grantee.

Beneath the affidavit of the subscribing witness appears a diagram of several lots, including Lots 6 and 7, and to the left thereof, on the margin, appears these notations: "Priscilla Howze Lot 6, 40; Lot 7, 72." The figures 40 and 70 perhaps refer to acreage. Whether this diagram was upon the original deed, or was placed upon the record after recordation of the deed, is not shown. It must have been upon the original deed; it is unlikely any one would have assumed to place it upon the record had it not been on the deed. Presuming it to have been

on the deed, it is some evidence that Lots 6 and 7 were conveyed to Perseller alone, the name of Mack being absent from the notations.

Again, on December 15, 1886, Perseller executed a deed of trust on these lots to secure payment of a debt she owed N. F. Weir. In it she recited the instrument was to secure payment of "my entire indebtedness—which is evidenced by my promissory note". She also referred to these lots as being "owned by me", and said the debt was for "money and supplies advanced by W. F. Wier to enable me to carry on my farm in Clarke County, Mississippi, for the year 1886". Mack did not sign the note or the deed of trust. It seems certain that if Mack then owned one-half of the land Weir would have required that he sign the deed of trust. It will be noted, too, that Perseller said in the instrument she was the owner. Mack was living at the time. He survived Perseller.

Further, there is a notation on the margin of the record, reciting that Perseller had paid to J. W. Brashen, who signed the notations, the sum of $185. the purchase price of a mare and two colts. This has some bearing upon the ability of Perseller to pay the consideration in the land deed. She alone bought the mare and two colts.

It is urged by appellees that the fact Mack was responsible for the purchase price of the land is strong evidence he was a grantee. The fact is important but payment of the purchase price, if he in fact paid it or any part of it, falls far short of proving he was a grantee. Gargis v. Kennemer, 216 Ala. 494, 113 So. 620. The effect of his having signed the note with Perseller is greatly weakened by the facts heretofore set out. Besides, there is no proof whatever that he paid any part of it. We, therefore, conclude that Perseller was the only grantee in the Chapman deed.

Appellant says she has a one-fifth interest by adverse possession. The chancellor found the facts insufficient to establish title by adverse possession. In

this he was correct. Appellant claims an undivided interest. Acquisition by adverse possession of an undivided interest by a tenant in common is, to say the least, unique. All the way through the litigation appellant asserted ownership of a two-fifths undivided interest as tenant in common with others of the entire tract. She does not claim to be the sole owner of the entire property nor of the entire interest in any particular part or parcel thereof. It is of the very essence of tenancy in common that each tenant owns an interest throughout the entire tract and the possession of one tenant is the possession of all. In our search we have not found a case where a tenant in common ousted the other tenants and established in himself title to the common property, to the exclusion of the others, except where such claiming tenant asserted ownership either to the entire tract, or to some definite, separated specific parcel thereof. Be that as it may, there is no evidence whatever in this record of hostile, exclusive, adverse possession in appellant, with claim of sole ownership thereto, of any separated part, or parcel, of the entire tract, and the chancellor was correct in his finding that she had not acquired title by adverse possession. Section 711, Miss. Code 1942. She is the owner of a 1/5th undivided interest in the entire tract composing Lots 6 and 7.

Affirmed in part and reversed in part and decree here.