60 So.2d 149

## HENRY et al. v. WHITE.

### 3 Div. 602.

Supreme Court of Alabama.

June 26, 1952.

Rushton, Stakely & Johnston, Montgomery, for appellee.

L. A. Sanderson and Albert Roemer, Montgomery, for appellants.

LAWSON, Justice.

This is a declaratory judgment proceeding, seeking construction of a deed, filed in the circuit court of Montgomery County, in equity, by appellee against appellants.

On August 8, 1910, Lula J. Powell, now deceased, executed a real estate deed to her only child, Mary Louise Powell, which deed, with the description omitted, reads:

"The State of Alabama,
Montgomery County.

"Know All Men By These Presents, That, I, Lula J. Powell, a widow, for and in consideration of the love and affection which I have for my only daughter, Mary Louise Powell, and of one dollar to me in hand paid, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell and convey to the said Mary Louise Powell, and her heirs, the following described real estate lying and being in said county and state, towit: (Description)

"To Have And To Hold the aforegranted premises to the said Mary Louise Powell, and her heirs forever. And I do covenant with the said grantee, and her heirs that. I am lawfully seized in fee of the aforegranted

premises that they are free from all encumbrance; that I have a good right to sell and convey the same to the said grantee, and her heirs; and that I will forever warrant and defend the premises to the said grantee, and her heirs, against the lawful claims and demands of all persons.

"But It Is Expressly Understood that I do hereby reserve the possession and right of possession and use of said lands and of all rents and incomes therefrom during the term of my natural life, being bound during that time to pay all lawful taxes and assessments against said property and to keep the same in reasonably good repair. At my death the possession and right of possession of said land shall pass to and vest in said Mary Louise Powell to have and to hold during the term of her natural life, without any right to mortgage, sell or otherwise dispose thereof, other than the leases which shall terminate in any event at her death, and at her death said lands shall vest absolutely in her heirs at law. In the event of the death of said grantee before my death, then said lands shall revert to me in fee simple.

"In Testimony Whereof, I, the said Lula J. Powell have hereunto set my hand and seal this the 8 day of Aug., 1910.

"Lula J. Powell (Seal)"

On October 15, 1948, Mary Louise Powell executed a warranty deed to Wade H. White, the appellee, purporting to convey a fee-simple title to a part of the land included in the deed executed to her by her mother on August 8, 1910.

Thereafter, W. H. White and J. P. Henry entered into a written contract whereby Henry agreed to purchase and White agreed to sell the real estate described in the deed from Mary Louise Powell to White under date of October 15, 1948.

White was willing to carry out the terms of his contract with Henry, but the latter failed and refused to carry out his part of the agreement, contending that White did not have a good title to the property inasmuch as his grantor, Mary Louise Powell,

did not secure a fee-simple title thereto under the deed executed to her by her mother on August 8, 1910.

The foregoing facts were alleged in the bill for declaratory judgment filed by White against Henry, Mary Louise Powell, and several first cousins of Mary Louise Powell, her only next of kin. The bill prayed that a guardian ad litem be appointed to represent that class of persons who may be heirs of Mary Louise Powell at the time of her death, including unborn children. The bill further prayed: " * * * that, upon a hearing of this matter, your Honors will render a declaratory judgment and decree defining the rights of the parties, and declaring that the warranty deed, dated August 8, 1910, attached hereto and marked Exhibit 'A', conveyed a fee simple estate to the Respondent, Mary Louise Powell, and that the Complainant's title to the realty described in Paragraph 3 is not defective because of said deed, and that Respondents and those they represent as 'heirs of Mary Louise Powell' have no interest therein."

Upon the filing of the bill a guardian ad litem was appointed as prayed. The guardian ad litem answered the bill denying its allegations and demanding strict proof thereof.

The first cousins of the respondent Mary Louise Powell, her only next of kin, all filed disclaimers of any interest in the suit property and joined with complainant, praying that he be granted the relief sought in his bill of complaint. The respondent Mary Louise Powell did likewise.

The respondent J. P. Henry filed an answer to the bill, in which he incorporated several grounds of demurrer. In his answer he admitted he entered into the contract with the complainant, White, and averred that he is ready, willing and able to comply with the terms of the contract provided he can receive a fee-simple title to the land free of encumbrances and lien, but set up in his answer that complainant, White, does not have a fee-simple title to the land, inasmuch as his grantor, Mary Louise Powell, could only convey to him the interest which she owned therein, which was merely an interest for and during her natural life.

The demurrer of the respondent J. P. Henry being overruled, the cause was heard before Honorable Eugene W. Carter, one of the judges of the circuit court of Montgomery County, in equity.

The trial court in its final decree declared in substance as follows: (1) that the deed dated August 8, 1910, in which Lula J. Powell, deceased, was grantor and Mary Louise Powell was grantee, vested in the respondent Mary Louise Powell the fee-simple title to the real estate described therein; (2) that the complainant by virtue of the deed executed to him by Mary Louise Powell on October 15, 1948, has fee-simple title to the property therein described; (3) that neither the respondent Mary Louise Powell, her next of kin, all of whom were made respondents to the bill, nor those who may be her heirs at her death, including unborn children, have any right, title or interest in or encumbrance upon the land described in the deed executed by Lula J. Powell to Mary Louise Powell on August 8, 1910.

From this decree an appeal has been taken to this court.

Error is assigned as to the action of the trial court in overruling the demurrer of the respondent J. P. Henry. In Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11, we pointed out that ordinarily the test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. It was further pointed out that if the complaint states the existence of a bona fide justiciable controversy which should be settled, a cause of action for a declaratory judgment is stated and the demurrer should be overruled. See Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509; McCall v. Nettles, 251 Ala. 349, 37 So.2d 635; City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 39 So.2d 658; White v. Manassa, 252 Ala. 396, 41 So.2d 395. The bill shows such an actual controversy as to support the jurisdiction of the court for a declaratory judgment. Title 7, § 157, Code 1940. The demurrer was correctly overruled.

The real inquiry in the construction of a deed is to establish the intention of the parties, especially that of the grantor; but a corollary to this rule is that the intention must, if possible, be gathered from the language used in the instrument submitted for construction and that, when it can in this way be ascertained, arbitrary rules are not to be applied. Dickson v. Van Hoose, 157 Ala. 459, 47 So. 718, 19 L.R.A., N.S., 719. So-called arbitrary rules should never be resorted to until all efforts to reconcile the conflicting parts have failed. Petty v. Boothe, 19 Ala. 633.

If, however, two conflicting intentions are expressed which cannot be reconciled there is no alternative but to construe the deed by the rules, even though they may be denominated arbitrary. Dickson v. Van Hoose, supra; Graves v. Wheeler, 180 Ala. 412, 61 So. 341.

One of the rules in the construction of deeds is that if there be two clauses which are utterly inconsistent with each other, and which cannot be reconciled or made to stand together, the last shall give way to the first, the maxim being "the first clause in a deed, and the last in a will shall prevail." Petty v. Boothe, supra. The rule has been stated many times in our cases that the granting clause, unless ambiguous or obscure, prevails over introductory recitals, statements in the habendum clause or other clauses in the deed, if they are contradictory or repugnant to the granting clause. Webb v. Webb's Heirs, 29 Ala. 588; Dickson v. Van Hoose, supra; Hill v. Gray, 160 Ala. 273, 49 So. 676; Head v. Hunnicutt, 172 Ala. 48, 55 So. 161; Graves v. Wheeler, supra; Porter v. Henderson, 203 Ala. 312, 82 So. 668; Reynolds v. Reynolds, 208 Ala. 674, 95 So. 180; Gargis v. Kennemer, 216 Ala. 494, 113 So. 620; King v. King, 242 Ala. 53, 4 So.2d 740; Rowell v. Gulf, M. & O. R. Co., 248 Ala. 463, 28 So.2d 209; Stratford v. Lattimer, 255 Ala. 201, 50 So.2d 420.

If the granting clause does not expressly designate the estate conveyed, and there is nothing in the other parts of the deed to indicate the estate intended to be conveyed, the provisions of Title 47, § 14, Code 1940, have application. Said section

reads: "Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended." Graves v. Wheeler, supra.

But where the granting clause does not expressly designate the estate conveyed, and the other clauses indicate the nature and character of the estate conveyed, there is no room for the operation of the provisions of law now codified as § 14, Title 47, Code 1940. Graves v. Wheeler, supra. The conclusions reached in Deramus v. Deramus, 204 Ala. 144, 85 So. 397, 398; Ward v. Torian, 216 Ala. 288, 112 So. 815; Gentle v. Frederick, 234 Ala. 184, 174 So. 606, are in accord with this principle. None of the granting clauses in the deeds construed in those cases expressly designated the estate conveyed, whereas other clauses in the deeds did indicate the estate conveyed; hence those clauses controlled. There was no field of operation for the statute or the principle that where the granting clause provides for a certain or specific estate and the character or nature of said estate is changed or lessened by some interlocutory clause, or by the habendum, there is a conflict or repugnancy and the granting clause prevails.

■ Applying these rules to the deed in question, we are constrained to the conclusion that the trial court correctly construed the deed of August 8, 1910, as granting a fee-simple estate to Mary Louise Powell.

Looking to the granting clause in the deed, we think varied judicial opinions in respect to its meaning unlikely. It is couched in language fully and accurately expressive of an intention to convey to the grantee every interest the grantor owned in the lands conveyed, and to vest in the grantee a fee-simple estate. The grant is not merely to the grantee, but the granting clause contains words necessary to create an estate of inheritance. Hamner v. Smith, 22 Ala. 433; Weatherford v. Weatherford, 222 Ala. 102, 130 So. 890.

The same is true of the habendum clause. The last clause of the deed seems to express a contrary intent, but under the rule to which we have referred above this last clause must be rejected. Dickson v. Van Hoose, supra; Hill v. Gray, supra. In so holding we think we apply sound rules of law long followed by this court, as elsewhere, rules essential to the security of land titles. Prudential Ins. Co. of America v. Karr, 241 Ala. 525, 3 So.2d 409, and cases cited.

The conclusion here reached is in accord with that of the Kentucky Court in Ray v. Spears' Ex'r, 64 S.W. 413, wherein was construed a deed very similar to that involved in this case. Ray v. Spears' Ex'r, supra, was quoted from with approval in our case of Porter v. Henderson, supra.

Counsel for appellants in brief filed here rely on only one case for a reversal of the decree of the trial court, our recent case of Stratford v. Lattimer, 255 Ala. 201, 50 So.2d 420, 423. That case fully recognizes the rule upon which our conclusion here is predicated. The conclusion reached in Stratford v. Lattimer, supra, was founded, at least in part, upon the following statement: "We do not think the two clauses, the granting and habendum clauses, presented by the deed are utterly, if they be at all, inconsistent." We have shown above that in the deed presently construed there is sharp, utter conflict between the granting and habendum clauses on the one hand and the last clause on the other.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN, FOSTER, SIMPSON, and STAKELY, JJ., concur.

GOODWYN, J., concurs specially.

GOODWYN, Justice (concurring specially).

I agree with the opinion of the court except in so far as it may be subject to the construction that the opinion in Stratford v. Lattimer, 255 Ala. 201, 50 So.2d 420, is. in all respects reaffirmed.