3 So.2d 409

**PRUDENTIAL INS. CO. OF AMERICA v. KARR et al.**

**8 Div. 87.**

Supreme Court of Alabama.

June 30, 1941.

Street & Orr, of Guntersville, for appellant.

Scruggs & Creel, of Guntersville, for appellees.

BOULDIN, Justice.

The bill was filed for the sale of lands for division between tenants in common.

Demurrers by appellant challenged the title of complainants under the averments of the bill. The appeal is from a decree overruling these demurrers.

The question of title turns on the construction of a deed made exhibit to the bill. The deed in question was executed in 1934 by several grantors, sole heirs at law of C. A. Martin, deceased. Their ownership is not questioned; neither is the fact that the deed passed a fee-simple title. The question is: Who took as grantees under the deed?

The pertinent features of the deed are:

"That for and in consideration of Two Thousand Dollars" to the grantors "in hand paid by J. B. Karr the receipt whereof is acknowledged we the said above named grantors do grant, bargain, sell and convey unto the said J. B. Karr the following described real estate, to-wit: * * *

"To have and to hold, to the said J. B. Karr and wife and their two youngest heirs and assigns forever.

"And we do for us and for our heirs, executors and administrators covenant with the said J. B. Karr and wife and their two youngest heirs and assigns that we are lawfully seized in fee simple of said premises; and they are free from all incumbrances, and that we · have a good right to sell and convey the same as aforesaid; that we will, and our heirs, executors and administrators shall, warrant and defend the same to the said J. B. Karr and wife and their two youngest heirs and assigns forever, against the lawful claims of all persons."

As a background for this deed the bill avers the following: At the time of its execution Lorena Karr was the wife of J. B. Karr. Both husband and wife had living children by former , marriages. They had two children, Emma Nell Karr and Irvin Karr, by their present marriage. The wife, Lorena Karr, had acquired some property by a former husband, the proceeds whereof became a part of the purchase money for this land. Lorena Karr died after the purchase of this land. J. B. Karr, after her death, executed a mortgage thereon to appellant, Prudential Insurance Company of America, purporting to convey a fee-simple title, with covenants of warranty.

The bill was filed by Emma Nell (Karr) Collier and Irvin Karr.

The theory of the bill is that the deed from the Martins passed an undivided one-fourth interest to J. B. Karr, one-fourth interest to his wife, Lorena Karr, and one-fourth interest to each of complainants, as tenants in common, under the designation "their two youngest heirs," appearing in the habendum and warranty clauses of the deed.

"Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended." Tit. 47, § 14, Code of 1940.

The statute of long standing deals primarily with the quantum of the estate passing out of the grantor to the grantee. It is a statutory affirmance of the general rule that a deed is construed most strongly against the grantor. If the granting clause, often called the premises, does not

**528**

specially define the estate granted, limitation of the estate granted found in the habendum or other stipulations of the deed, clearly disclosing an intent to pass an estate less than the fee, will be given effect. The ultimate aim is to give effect to the intention of the parties, if lawful, and ascertainable. Graves v. Wheeler, 180 Ala. 412, 61 So. 341.

No question arises under this deed touching the quantum of the estate passing out of the grantors. It is clearly a fee-simple estate.

■ Grantors to purchasers of lands are not presumed to be concerned with who shall take as grantees. This is of more concern to the latter.

J. B. Karr is the sole party alleged to have paid the consideration, the sole grantee named in the granting clause, and the only person identified by name as grantee in any part of the deed.

■ The granting clause is the vital, essential part of the instrument. It should specify the grantor and the grantee, and describe the property passing by the deed.

■ Where, as here, J. B. Karr, is the sole party named as purchaser paying the consideration, and as the sole grantee to whom the grant is made in the granting clause, he must be so held, unless other provisions disclose a clear intent to the contrary. Such intent must be so clearly expressed as to effectually write into the granting clause the names of others as co-grantees. In this case, such terms as write into the grant the names of these children to take as tenants in common.

What is the import of the words "and wife and their two youngest heirs and assigns forever?"

Do they mean more than a recital that the grantee is buying this property as a home for his present family?

■ Why the word "heirs" in its setting? Heirs, in law, as well as in common understanding, denote those taking by descent on the death of the owner of an estate to pass at death. This deed does not say "their two youngest heirs," their heirs and assigns forever.

These considerations are mentioned, not to declare this or that intention, but to bring out the element of uncertainty in the terms employed in this deed.

The granting clause of this deed conveys to J. B. Karr the entire property, not an undivided interest therein, as surely as it conveys a fee-simple title as against the grantors. All the reasons behind the rule that other clauses must give way to this dominant clause applies to this deed.

■ Fully recognizing that rules of construction are aids to the ascertainment of the intention, except where specific terms are given a meaning by positive law, the standard rules evolved from the experience and wisdom of the past are not to be disregarded in ascertaining such intent.

■ We conclude there is no such certainty in the other provisions of this deed as to overturn and cut into fractions the title conveyed to J. B. Karr in the granting clause. We hold he took a fee-simple title to the entire property.

In so holding we think we apply sound rules of law announced by this court, as elsewhere, rules essential to the security of land titles. Wallace v. Hodges et al., 160 Ala. 276, 49 So. 312; Dickson et al. v. Van Hoose et al. 157 Ala. 459, 47 So. 718, 19 L.R.A.,N.S., 719; Hill et al. v. Gray, 160 Ala. 273, 49 So. 676; Porter v. Henderson, 203 Ala. 312, 82 So. 668; Reynolds v. Reynolds et al., 208 Ala. 674, 95 So. 180; Hafner v. Irwin, 20 N.C. 570, 34 Am.Dec. 390; 16 Am.Jur. p. 575, § 242; Ib. p. 566, § 232; Note 84 A. L.R. 1054.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.