60 So.2d 688

### WRIGHT v. SMITH et al.

#### 8 Div. 629.

Supreme Court of Alabama.

Oct. 9, 1952.

H. H. Conway, Albertville, for appellant.

T. Harvey Wright, Guntersville, guardian ad litem, for appellee.

SIMPSON, Justice.

This is a suit in equity for a declaratory judgment to construe a real estate deed and to determine the nature and extent of the estate conveyed the respective grantees.

The deed, omitting description and acknowledgements, reads:

"The State of Alabama

Marshall County

"Know All Men By These Presents:

"That we Stanley Brown and Eunice Brown, his wife, of Marshall County and State of Alabama, for and in consideration of the sum of Seventeen Hundred Dollars to us in hand paid, the receipt whereof is hereby acknowledged, have granted, bargained, and sold and by these presents do grant, bargain, sell, and convey to L. G. Wright and Lola B. Wright their heirs and assigns, the following described real estate, to-wit:

\*       \*       \*       \*       \*       \*

"*(It is mutually agreed by L. G. Wright and Lola B. Wright, the grantees in this deed, that if either of us should die then, in that event, the entire interest in the above described land is vested in the living person.)*

"Together with all and singular the tenements and appurtenance thereunto belonging or in anywise appertaining. To have and to hold to the said L. G. Wright and Lola B. Wright their heirs and assigns, in fee simple forever.

"In witness whereof, we have hereunto set our hands and seals this 6 day of November, 1941.

"Stanley Brown (Seal)<br>Eunice Brown (Seal)"

The record discloses that grantee Lola B. Wright was the wife of the other grantee, L. G. Wright; that she died September 21, 1944; that the issue of this married

couple was one son, Thomas Darrell Wright, of the age of five years at the time of her death; that thereafter, January 13, 1945, her said husband, the surviving grantee in the Brown deed, executed a deed conveying the full fee-simple title of the land to appellee W. C. Smith, relying upon the parenthetical clause in the deed, italicized above, as vesting in him such fee-simple title, his wife, Lola B. Wright, having predeceased him.

On a final hearing, the trial court held that the purported survivorship clause was ineffectual to vest in L. G. Wright the one-half interest of his deceased wife, Lola B. Wright, but that on her death her interest descended to her only heir, her son Darrell (subject, of course, to the curtesy right of her husband). We are in accord. All of our cases, including the most recent of Henry v. White, ante, p. 549, 60 So.2d 149, establish the correctness of this view.

The granting clause expressly designated the estate conveyed to each grantee, an undivided one-half estate in fee simple. Of such import are the words "grant, bargain, sell and convey to L. G. Wright and Lola B. Wright their heirs and assigns." The words "their heirs and assigns" are specific words of inheritance. Hamner v. Smith, 22 Ala. 433; Henry v. White, supra.

The parenthetical survivorship clause purported to diminish or cut down this estate in fee simple. But the established rule is that the granting clause of a deed, unless ambiguous or obscure, prevails over introductory recitals, statements in the habendum or other clauses, if they are contradictory or repugnant to the granting clause. Stratford v. Lattimer, 255 Ala. 201, 50 So.2d 420; Henry v. White, supra, and authorities cited in these two cases.

A reservation, exception or restriction following an express grant, as here, which destroys the grant is void. Horticultural Development Co. v. Lark, 224 Ala. 193, 139 So. 229; Stratford v. Lattimer, supra.

Another pertinent principle adverted to in Henry v. White, supra [60 So.2d 152], is that "if there be two clauses which are utterly inconsistent with each other, and which cannot be reconciled or made to stand together, the last shall give way to the first, the maxim being 'the first clause in a deed, and the last in a will shall prevail.'" Petty v. Boothe, 19 Ala. 633.

Clearly, construction of the conveyance under instant consideration is governed by the foregoing rules. The granting clause provides for a certain or specific estate and the character or nature of said estate is sought to be changed or lessened by the subsequent parenthetical clause, thereby producing a conflict or repugnancy and making the granting clause prevail without limitation.

This case and the ones governing are to be differentiated from those cases construing conveyances where the granting clause did not expressly designate the estate conveyed and there was nothing in the other parts of the deed to indicate the estate intended to be conveyed, in which case Sec. 14, Title 47, Code 1940, has application, Graves v. Wheeler, 180 Ala. 412, 61 So. 341, as are those cases construing deeds where the granting clause failed to expressly designate the estate conveyed and subsequent clauses indicated the nature and character of the estate conveyed, in which case subsequent clauses are considered in appraising the intention of the conveyor and may be given effect. Stratford v. Lattimer, supra, and cases cited.

In view of some argument in brief of counsel with respect to Sec. 19, Title 47, Code 1940, as amended, see 1951 Pocket Part, Code, it is appropriate to point out that this provision has no application to the case in hand, since as presently written it was not in effect when the deed was given.

The ruling of the trial court must be sustained.

Affirmed.

LIVINGSTON, C. J., and FOSTER and GOODWYN, JJ., concur.