108 So.2d 152

James W. ROUNTREE

v.

T. W. RICHARDSON.

I Div. 669.

Supreme Court of Alabama.

Jan. 8, 1959.

Chason & Stone, Bay Minette, for appellee.

Chas. Hoffman and Caffey, Gallalee & Caffey, Mobile, for appellant.

**450**

GOODWYN, Justice.

This is an appeal by the cross-complainant (respondent) from a decree of the circuit court of Baldwin County, in equity, sustaining cross-respondent's (complainant's) demurrer to his cross-bill.

By statutory warranty deed dated November 4, 1938, James W. Gray and others conveyed to one George H. Faulk and T. W. Richardson (original complainant, cross-respondent and appellee) a tract of land containing about three acres abutting the right-of-way of the Cochrane Bridge causeway in Baldwin County. The granting clause provides that the conveyance is

" * * * subject to the terms, limitations and conditions hereinafter set forth, * * *."

The habendum clause sets out the terms, limitations and conditions, to the extent pertinent to the question before us, as follows:

"To Have And To Hold the same unto the said George H. Faulk and T. W. Richardson, their heirs and assigns, subject to the terms, limitations and conditions hereinafter set forth:

"This conveyance is made upon the express condition that the grantors, for themselves and for their heirs, executors, administrators and assigns, do

hereby *reserve an option at any time subsequent to two years from the date hereof to re-purchase the property herein conveyed from the said grantees,* their heirs and assigns, for the sum of $300.00, plus six per cent interest thereon from the date hereof, plus the value of any permanent improvements erected by the grantees, their heirs or assigns, on the said property, the value of such permanent improvements to be fixed by an appraisal made by three arbitrators, one appointed by the grantors, their heirs or assigns, one appointed by the grantees, their heirs or assigns, and the third arbitrator to be selected by the two arbitrators thus selected, but it is expressly agreed and understood that in no event shall the appraised value of such permanent improvements be fixed at more than $1,-500.00." [Emphasis supplied.]

By statutory warranty deed dated July 24, 1939, George H. Faulk and wife conveyed their interest in the land to T. W. Richardson. The granting clause in that deed, as in the deed from James W. Gray and others, provides that the conveyance is

"* * * subject to the terms, limitations and conditions hereinafter set forth, * * *."

The habendum clause in said deed from Faulk to Richardson sets out the terms, limitations and conditions, to the extent here pertinent, as follows:

"To have and to hold the same unto the said T. W. Richardson, his heirs and assigns, subject to the terms, limitations and conditions hereinafter set forth.

"It is expressly agreed and understood.between the parties hereto that the said George H. Faulk and his wife are only conveying to the said T. W. Richardson such rights in the said property as were acquired by the said George H. Faulk under that certain deed from James W. Gray et al., to

George H. Faulk and T. W. Richardson dated the 4th day of November, 1938, and that this conveyance is made subject to the restrictions and conditions contained in the said conveyance from James W. Gray et al., to George H. Faulk, and T. W. Richardson, as follows: [Here is set out the same condition as that contained in the deed from James W. Gray and others, quoted above, reserving option to repurchase, and also the other conditions contained in said deed which are not here involved.]"

On July 25, 1939, Richardson conveyed an undivided one-half interest in the land to E. J. Roberts. On October 9, 1941, E. J. Roberts and wife reconveyed said undivided one-half interest to Richardson. Both of said deeds were expressly made "subject to the restrictions and conditions contained in the said conveyance from James W. Gray, et al., to George H. Faulk and T. W. Richardson", dated November 4, 1938.

On March 24, 1954, the Gray interests sold and conveyed to James W. Rountree, appellant (respondent and cross-complainant below), "all of their right, title, interest in and claim in and to" the tract of land here involved and also transferred, assigned, set over and conveyed to the said Rountree "all of their rights and option to repurchase reserved" unto them in their conveyance to George H. Faulk and T. W. Richardson under date of November 4, 1938.

On June 12, 1954, the appellee, T. W. Richardson, filed his bill for a declaratory judgment. The primary purpose of the bill was to have the repurchase option in the deed from Gray and others to Faulk and Richardson, above quoted, declared void and of no effect. The trial court, on demurrer, upheld complainant's bill for a declaratory judgment.

Respondent Rountree then filed a cross-bill. As last amended, it alleges essentially

the facts as set out above. It also alleges that cross-complainant "has exercised and does hereby exerise the said option to repurchase the said real property described in the bill of complaint on the terms and at the price set forth" therein, and "does hereby make offer so to do and to pay in cash the sum provided therein, to the complainant and cross-respondent", and "is ready, willing and able and is now ready, willing and able so to do and to comply fully with the terms of said instrument * * * in making such payment or payments to complainant and cross-respondent, in such amount as may be determined to be justly and equitably due." The prayer, in substance, is for specific performance of the option to repurchase.

This appeal is from the decree sustaining Richardson's demurrer to the amended cross-bill.

The decisive question presented on this appeal is whether the provision in the deed from Gray and others to Faulk and Richardson whereby the grantors and their assigns are given the option to repurchase is void and of no effect because it violates the common law rule against perpetuities (Henderson v. Troy Bank & Trust Co., 250 Ala. 456, 465(2), 34 So.2d 835; 41 Am. Jur., Perpetuities, § 4, p. 52; 70 C.J.S. Perpetuities § 3, p. 577), that is, it prescribes an indefinite period which may extend beyond twenty-one years (there being no reference to some life in being) in which the option may be exercised. Code 1940, Tit. 47, § 16, provides that the "common law rule against perpetuities as to land, shall be in full force and effect in this state so that the rule against perpetuities applicable to personal property and to land shall be the same." (Section 16, Tit. 47, is derived from Act No. 684, appvd. July 31, 1931, Gen.Acts 1931, p. 816, which also repealed § 6922, Code 1923. Section 6922 provided that "conveyances to other than the wife and children, or children only, cannot extend beyond three

lives in being at the date of the conveyance, and ten years thereafter.")

It seems to us that what was said in the fairly recent case of Dozier v. Troy Drive-In-Theatres, 265 Ala. 93, 104–105, 89 So. 2d 537, 540, is dispositive of the question now before us. In that case Dozier leased a nine-acre tract of land to Carter for 99 years. The lease contained the following provisions, among others not here pertinent, viz.:

> "The said M. H. Carter, his successors and assigns, shall have the option and right to buy said lands above described for the sum of $3,000.00 after said lease has been in effect for one year.

> "The said M. H. Carter, shall have the right to sell and transfer all of his right, title and interest in this lease to any corporation in which he is a stockholder at the time of said transfer.

> \*   \*   \*   \*   \*   \*

> "It is further mutually agreed that any assignee of this lease who purchases the lands described herein shall not sell the same until L. L. Dozier has refused to buy the same for a period of thirty days for the sum of $3,000.00.

> "It is further mutually agreed and understood that the lands hereinabove described shall be used for a Drive-In Theatre and for no other commercial purpose. It is further agreed that in case said property is used for any other commercial purpose, then the said L. L. Dozier shall have the right to repurchase said lands at any time within six months thereafter for the sum of $3,000.00 cash."

Carter assigned the lease to Troy Drive-In-Theatres, Inc., a corporation organized by him. After the lease had been in effect for one year the corporation, through Carter as its president, sought to take up the option and buy the land. Dozier contended that the lessee's (and his assignee's) option to purchase was within the statute of frauds and void because of uncertainty and indefiniteness in the description of the land in the lease agreement and was also void because the lessee's option to purchase was violative of the rule against perpetuities. To resolve the issues the corporation-assignee filed a bill against Dozier for declaratory judgment seeking specific performance of the option to purchase and further seeking a declaration that the option to repurchase reserved to the lessor (Dozier) was itself void because violative of the rule against perpetuities. In speaking to the last question (with which we are here concerned) the court had this to say:

> "We think the reservation provided for in the contract here involved is a limitation on the fee to be conveyed, in the nature of a condition subsequent, Thompson v. Leyden, 222 Ala. 81, 130 So. 780, which is not affected by the rule against perpetuities because, as stated by the authorities, a valid conveyance can presently be made by the grantor and grantee joining in it. 70 C.J.S. Perpetuities § 56, p. 657; 70 A.L.R. 1197. For it is said in French v. Old South Society, 106 Mass. 479, see, 70 A.L.R. 1198, if a perpetuity means that ' "if all that have interest join, yet they cannot bar or pass the estate" \* \* \* here is no violation of the rule, for the plaintiff and defendants could at any time join in a conveyance of the property'. This theory is based upon the principle that the purpose of the rule is to prohibit the owner of property, by deed or devise, to withdraw it from commerce, so that it cannot again get into commerce during the prescribed period by the act of any or all of the interested persons. It is then irrevocably withdrawn from commerce and cannot be reinstated during that period. While that is stated as the meaning of the rule by the Massachusetts case, supra, it is not so regarded by some other

authorities. Gray on Perpetuities section 305.2. The following is a quotation from [Proprietors of] Church in Brattle Square v. Grant, 3 Gray, Mass., 142, copied in the annotation of Hinton v. Gilbert, supra [221 Ala. 309, 128 So. 604], 70 A.L.R. at page 1197, and is directly in point:

" 'The possibility of reverter, being a vested interest in real property, is capable at all times of being released to the person holding the estate on condition, or his grantee, and, if so released, vests an absolute and indefeasible title thereto. The grant or devise of a fee on condition does not, therefore fetter and tie up estates, so as to prevent their alienation, and thus contravene the policy of the law which aims to secure the free and unembarrassed disposition of real property.'

"This theory is supported by many American cases,—Gray on The Rule against Perpetuities, sections 304, 310, —though not approved by Gray. We quote section 310, as follows:

" 'This great consensus of authority, although without any consideration of the question involved, must be held to settle the law for the United States, and to create in this country an exception, arbitrary though it be, to the Rule against Perpetuities.'

"It was first stated as the English rule in Birmingham Canal Co. v. Cartwright, (L.R.) 11 Ch.Div. (Eng.) 421. This was overruled in London and S. W. Co. v. Gomm, (L.R.) 20 Ch.Div. (Eng.) 562, see 162 A.L.R. 583. According to this last opinion the English rule is that an option reserved in a deed is subject to the rule against perpetuities. But we are standing by the principle first stated in England in the Cartwright case, supra, that the reservation of a right to repurchase creates a conditional fee, and is a presently reserved vested right in the grantor, although its exercise is dependent on a future contingency.

"In that connection our case of Hinton v. Gilbert, supra, is reported in 70 A.L.R. 1192 as a leading authority, and our case of Libby v. Winston, supra [207 Ala. 681, 93 So. 631], is noted as supporting it. These cases are based upon a construction of the instrument as conveying a conditional fee, thereby reserving a right which never passed from the grantor but exercisable on a contingency. Therefore, both the grantor and grantee have an interest in the fee which they can convey and thereby relieve the property of the exemption from trade which the rule seeks to prohibit. These cases have created a rule of property in this State which we should uphold."

There may be cogent reasons why an option to repurchase reserved to the grantor in a deed should be subject to the rule against perpetuities or some other limitation as to time for enforcement. But, as noted in the Dozier case, a rule of property has been created in this state which should be upheld. Whether there is to be a change in such rule addresses itself to the legislature.

The decree appealed from is reversed and the cause remanded for further proceedings.

Reversed and remanded.

LAWSON, SIMPSON and COLEMAN, JJ., concur.