119 So.2d 913

**Juanita KETTLER et al.**

v.

**Harrell GANDY et al.**

**4 Div. 18.**

Supreme Court of Alabama.

April 21, 1960.

Oliver Brantley, Troy, for appellants.

John W. Gibson and Walter R. Byars, Troy, for appellee Gandy.

MERRILL, Justice.

This is a declaratory judgment proceeding in equity, seeking construction of a

deed. The grantor, Mrs. C. T. Brazil, was an elderly widow who had eight children, all of whom had reached maturity, and all of whom except the grantee, Myrtle Brazil, were married and had established homes of their own. The property described in the deed was owned by the mother, and she and Myrtle made their home together.

The grantor died intestate several years after the execution of the deed. The grantee never married and died January 19, 1954, leaving a will which named the respondent, Harrell Gandy, as sole legatee and devisee of her estate.

The complainants, children and descendants of deceased children of the grantor, filed this bill for a construction and declaration of the legal effect of the deed, contending that the effect was to convey to Myrtle Brazil a term or estate in the land described for only so long as she should remain unmarried, the estate to terminate upon her marriage or death.

The respondent, Gandy, answered, contending that the effect of the deed was to convey fee simple title to Myrtle Brazil.

In its opinion, the trial court stated:

"It is, therefore, the opinion of the Court that the deed granted a fee simple estate in the land described to Myrtle Brazil."

The decree followed this finding and adjudged that such title passed under her will to appellee, Harrell Gandy.

The deed is on the usual warranty deed form, with the formal parts printed, and the blank spaces were filled in by hand with a pen. Omitting the description, attestation and acknowledgment, the deed reads:

"State of Alabama

"Pike County

"Know All Men by These Presents, that C. T. Brazil for and in consideration of One Dollar, to me in hand paid by Myrtle Brazil, the receipt whereof I do hereby acknowledge, do hereby grant, bargain, sell, confirm and convey unto the said Myrtle Brazil, her heirs and assigns the following described lot or parcel of land, to-wit:

"It is agreed and understood that this deed conveys the house and lot described above to said Myrtle Brazil as long as she may remain single and when she should marry then the property shall be divided between my children.

"To Have And to Hold the aforesaid granted premises to the said Myrtle Brazil, her heirs and assigns, to their use and behoof forever. And I do covenant with the said Myrtle Brazil, her heirs and assigns, that I am lawfully seized in fee of the aforegranted premises; that the same is free from all encumbrances; that I have a good right to sell and convey the same to the said Myrtle Brazil, her heirs and assigns, and that I will warrant and defend the said premises to the said Myrtle Brazil, her heirs and assigns forever, against the lawful claim of all persons.

"In Witness Whereof, the said C. T. Brazil has hereunto set my hand and seal this 7th day of May, 1925.

"s/Mrs. C. T. Brazil    L.S."

The question for decision is whether the deed conveyed fee simple title to Myrtle Brazil.

We begin with Tit. 47, § 14, Code 1940, which provides:

"Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended."

The real inquiry in construing the terms of a deed is to ascertain the intention of the parties, especially that of the grantor, and if that intention can be ascertained from the entire instrument, includ-

ing its several parts, resort to arbitrary rules of construction is not required. And it is the duty of the court under this rule of construction to reconcile the terms of the instrument, if that may reasonably be done, to avoid a repugnancy in its provisions or terms. Hardee v. Hardee, 265 Ala. 669, 93 So.2d 127; Henry v. White, 257 Ala. 549, 60 So.2d 149; Stratford v. Lattimer, 255 Ala. 201, 50 So.2d 420; Gamble v. Gamble, 200 Ala. 176, 75 So. 924; Dickson v. Van Hoose, 157 Ala. 459, 47 So. 718, 19 L.R.A.,N.S., 719.

■ Another rule of construction of deeds is that when subsequent words are of doubtful import, they cannot be construed as to contradict the preceding words which are certain. Petty v. Boothe, 19 Ala. 633; McCombs v. Stephenson, 154 Ala. 109, 44 So. 867; Head v. Hunnicutt, 172 Ala. 48, 55 So. 161.

■ The granting clause, the habendum clause and the warranty in the deed before us import an intention to convey title in fee simple. All of these may be resorted to if there is a question of the extent of the ownership in the estate granted. Hardee v. Hardee, 265 Ala. 669, 93 So.2d 127.

The one sentence in the deed which caused the controversy reads:

"It is agreed and understood that this deed conveys the house and lot described above to said Myrtle Brazil as long as she may remain single and when she should marry then the property shall be divided between my children."

We think the clear meaning of the deed, without applying the arbitrary rules of construction as were used in Wright v. Smith, 257 Ala. 665, 60 So.2d 688, and Henry v. White, 257 Ala. 549, 60 So.2d 149, is that the fee was conveyed to Myrtle Brazil, subject to be divested if she married. She never married, so the contingency never arose. In Frey v. Thompson's Adm'r, 66 Ala. 287, the testator devised real estate to his widow in terms which carried the fee simple. It was subject, however, to be divested upon one contingency—the marriage of the widow. The court, speaking through Chief Justice Brickell, said:

"The rule is, that where there are clear words of gift, the courts will not permit an absolute gift to be defeated, unless it is clear that the very event or contingency has happened, in which it is declared that the interest shall cease. It is not to be inferred, or implied, that the absolute gift is infringed, further than is expressed."

To like effect, see In re Feldhus' Will, 280 N.Y. 568, 20 N.E.2d 17.

We have recognized the right of a grantor to convey an estate with condition, Libby v. Winston, 207 Ala. 681, 93 So. 631, and Cotney v. Eason, 269 Ala. 354, 113 So.2d 512, but in the instant case the condition was never breached. To hold that the estate granted was to terminate at the death of the grantee, as contended by appellants, would be putting words into the deed which are not there, and introducing a surmised intention of the grantor for which there is no basis.

We do not need to consider the question of the condition restraining marriage being void, as stated in Vaughn v. Lovejoy, 34 Ala. 437, because here there was no marriage.

We conclude that the deed conveyed fee simple title to Myrtle Brazil and appellee, as her devisee, holds the same title.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.