142 So.2d 697

**Hester Clarkson HOLMES et al.**

v.

**Lillard C. COMPTON et al.**

**8 Div. 71.**

Supreme Court of Alabama.

Jan. 18, 1962.

Rehearing Denied June 28, 1962.

Peach, Caddell & Shanks, John A. Caddell and Robt. H. Harris, Decatur, for appellees.

Harris & Harris, Decatur, for appellants.

Clarkson Holmes, Margaret Clarkson. The third respondent in the court below, Edith Clarkson McDonald, is not an appellant. The bill of complaint as originally filed was to sell for division the oil and minerals· on a 12 acre tract of land more particularly described in the bill of complaint. The bill of complaint was subsequently amended by seeking to quiet title to the 12 acres of land or in the alternative to sell for division the mineral and oil interests.

The case was submitted upon an agreed statement of facts. To state the facts as briefly as possible Mrs. Ada Cornelison executed a deed in 1928 to complainants' predecessors in title conveying 12 acres of land. The deed contained words of inheritance and immediately after the description and before the habendum clause contained the following provision, "the grantor herein reserves to herself and her heirs ½ of the oil and all minerals that may be discovered in said land." In order that there may be a thorough understanding of the situation we set out the deed as follows, omitting the acknowledgment of the deed:

STAKELY, Justice.

This is an appeal from a final decree in the equity court by the respondents Hester

"STATE OF ALABAMA)

MORGAN COUNTY) Know all men by these presents, That for and in consideration of the sum of Twenty five hundred dollars, to the undersigned in hand paid by Virgil Lee and Julia E. Lee, the receipt whereof is hereby acknowledged, I Mrs. Ada Cornelison, has this day bargained and sold, and do by these presents grant, bargain, sell and convey to the said Virgil Lee and Julia E. Lee, their heirs and assigns, the following described real estate, situated, lying and being in the County of Morgan and State of Alabama, to-wit:

> 12 acres of land situated in the Southwest corner of the SE ¼ of Section 5, Township 6, Range 4 West, being 15.81¼ chains East and West, and 7.58¼ chains North and South, less a strip along the West side belonging to the State Highway, the said property being the property that was bought by John Paige from Catherine Broadfoot in January, 1888,

together with all the improvements thereon.

"The grantor herein reserves to her self and her heirs one half of the oil and all minerals that may be discovered in said land.

"To have and to hold to Virgil Lee and Julia E. Lee, their heirs and assigns forever. And I hereby covenant with the said Virgil and Julia E. Lee, their heirs and assigns, and I am seized in fee of the aforegranted prem-

ises, and agree forever to defend the same from the lawful claims of all persons whomsoever.

"In Witness Whereof, I hereby set my hand and seal this 8th day of Feby. 1928.

"MRS. ADA CORNELISON (SEAL)"

---

By mesne conveyances the 12 acre tract came to complainants with the same reservation contained in their deed. Appellants are the heirs of Ada Cornelison, the original grantor whose deed contained the reservation. The appellees have been in possession of the surface of the property along with their predecessors in title since the deed in 1928. There have been no mining or oil operations on the land. There have been no separate assessments between the surface rights and the mineral rights and no one has been in actual possession of the property other than as to surface rights.

I. Citing such cases as Henry v. White, 257 Ala. 549, 60 So.2d 149; Hardee v. Hardee, 265 Ala. 669, 93 So.2d 127 and Section 14, Title 47, Code of 1940, the court held that where there is an inconsistency between the granting clause containing words of inheritance and statements in the habendum or clauses subsequent to the granting clause, the granting clause in the deed will prevail and the clause containing the reservation of mineral rights will be considered void.

■ We do not take this view of the situation. Considering the entire deed we believe that a clear intention appears in the deed for the grantor to reserve certain mineral rights in the property. This is true although the granting clause contains words of inheritance. Accordingly there is no necessity to invoke any arbitrary rules of construction.

■ We believe that this intention becomes more apparent when we consider that the reservation excepts oil or mineral interests. There is a clear difference between a grant of surface rights and a grant of mineral rights. "Minerals, coals and ores excepted from a grant remain in the grantor as before the grant. They are distinct and separate properties which may be conveyed separately from the surface." Thompson on Real Property, Volume 6, Section 3462, page 692. This court has expressly given effect to a reservation excepting oil or mineral interests. McCall v. Nettles, 251 Ala. 349, 37 So.2d 635.

We do not think that a general rule should be stated which must govern all cases, but that each case should be considered on its own merits. Considering mineral rights as separate and apart from surface rights we see no repugnancy between the causes in the deed now before us and so we will not resort to arbitrary rules of construction. Slaughter v. Hall, 201 Ala. 212, 77 So. 738; Sanford v. Alabama Power Co., 256 Ala. 280, 54 So.2d 562; McCall v. Nettles, supra.

■ II. This brings us to a consideration as to quantum of minerals reserved. The reservation is:

"The grantor herein reserves to herself and her heirs one half of the oil and all minerals that may be discovered in said land."

Without question one-half of the oil is reserved but is the mineral reservation one-half or all? It is generally recognized that oil is a mineral. Carter Oil Company v. Blair, 256 Ala. 650, 57 So.2d 64. But that is no reason why the parties may not draw a distinction between the two. Accordingly since the deed refers to oil and minerals, we think that a difference is indicated, which

means that the reservation is to one-half of the oil and to all of the other minerals.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.