310 So.2d 879

**Mildred E. WILKINS**

**v.**

**Robert I. FERGUSON.**

**SC 970.**

Supreme Court of Alabama.

March 27, 1975.

Braxton L. Kittrell, Jr., Mobile, S. J. Laurie, Chatom, for appellant.

Edward P. Turner, Jr., Chatom, for appellee.

MADDOX, Justice.

The question presented is the effect of a clause in a warranty deed which reserved to the grantor an option to repurchase. The deed, in pertinent parts, is as follows:

"THIS INDENTURE, Made the 17th day of June, 1969, between MILDRED

E. WILKINS, a widow, GRANTOR, and ROBERT I. FERGUSON, GRANTEE; WITNESSETH, *the GRANTOR,* in consideration of Ten Dollars ($10.00) and other good and valuable consideration, hereby acknowledge to have been paid the GRANTOR by the GRANTEE, *does grant, bargain, sell and convey unto the said GRANTEE,* his heirs and assigns, all that real property in Washington County, Alabama, described as follows:

"All that part of the West Half of the Southeast Quarter (W ½ of SE ¼), the East Half of Southwest Quarter (E ½ of SW ¼), and the East Half of the West Half of Southwest Quarter (E ½ of W ½ of SW ¼) of Section 14, Township 6 North, Range 4 West, lying North of the Chatom-State Line Road (Highway 56), containing 30 acres, more or less.

"EXCEPTING, HOWEVER, all oil, gas and other minerals not owned by the Grantor and reserving unto the Grantor for her lifetime all oil, gas and other minerals which she owns, together with the right of ingress and egress and all other mineral rights of easements necessary or convenient for the use and enjoyment of the oil, gas and other minerals reserved and including the right to make oil, gas and mineral leases which shall extend beyond the lifetime of the Grantor, Min. acres res. est. to be 2.

"An option is reserved by the Grantor that at any time the Grantor desires to sell said land or dispose of it to re-purchase the same at the same purchase price, together with the cost of improvements made thereon by the Grantee, less a reasonable depreciation on such improvements.

Together with all rights and appurtenances to said described premises in anywise belonging; *TO HAVE AND TO HOLD the same forever.*

"And the said Grantor for herself and her heirs the said described premises and appurtenances, will forever warrant and defend unto the said GRANTEE, his heirs and assigns, against the lawful claims of all persons whomsoever." [Emphasis added.]

The parties agreed that the consideration paid by the grantee for the 30 acres was only $10.00. The deed was dated June 17, 1969. It was stipulated that no improvements had been made by the grantee.

The grantor, shortly after she gave the deed, decided she wanted to sell the land and notified the grantee that she wanted to exercise her option to re-purchase the land. Grantee refused. The grantor, on August 27, 1969, filed her complaint seeking to enforce her option. The cause remained in circuit court almost five years. The trial court, on May 2, 1974, entered a decree finding that "[t]he granting clause in said deed is absolute, and is not conditional or subject to any restrictions, and purports to convey fee simple title to the Respondent." We disagree. The real inquiry in construing the terms of a deed is to ascertain the intention of the parties, especially that of the grantor, and if that intention can be ascertained from the entire instrument, including its several parts, resort to arbitrary rules of construction is not required. And it is the duty of the court under this rule of construction to reconcile the terms of the instrument, if that may reasonably be done, to avoid a repugnancy in its provisions or terms. Kettler v. Gandy, 270 Ala. 494, 119 So.2d 913 (1960), and cases there cited. In *Kettler* the warranty deed contained a granting clause which was almost identical with the granting clause in the deed here. In *Kettler,* the one sentence in the deed which caused the controversy read as follows:

" 'It is agreed and understood that this deed conveys the house and lot described above to said Myrtle Brazil as long as she may remain single and when she

should marry then the property shall be divided between my children.' "

This Court said:

"We think the clear meaning of the deed, without applying the arbitrary rules of construction as were used in Wright v. Smith, 257 Ala. 665, 60 So.2d 688, and Henry v. White, 257 Ala. 549, 60 So.2d 149, is that the fee was conveyed to Myrtle Brazil, subject to be divested if she married."

■ Applying the reasoning of *Kettler* to this case, we think the clear meaning of the deed, without applying the arbitrary rules of construction as were used in Wright v. Smith, 257 Ala. 665, 60 So.2d 688 (1952), is that a fee was conveyed to Robert I. Ferguson, subject to be divested if the grantor desired to sell it or dispose of it, in which event she had an option to re-purchase. It is clear also that she excepted certain oil, gas and minerals. The case of Wright v. Smith, supra, has been cited as holding that an exception, reservation or restriction which is repugnant to a granting clause is void. It is true that the attempt to create an estate other than a fee simple estate by a separate clause was declared void in Wright v. Smith. However, not every exception, reservation or restriction which follows a granting clause containing words of inheritance is void.

In Holmes v. Compton, 273 Ala. 554, 142 So.2d 697 (1962), this Court held that a deed which conveyed a fee by the granting clause but which later reserved a mineral interest, disclosed an intention to reserve a mineral interest, although the granting clause contained words of inheritance.

This Court said:

"Citing such cases as Henry v. White, 257 Ala. 549, 60 So.2d 149; Hardee v. Hardee, 265 Ala. 669, 93 So.2d 127 and Section 14, Title 47, Code of 1940, the court held that where there is an inconsistency between the granting clause containing words of inheritance and statements in the habendum or clauses subse-

quent to the granting clause, the granting clause in the deed will prevail and the clause containing the reservation of mineral rights will be considered void.

"We do not take this view of the situation. Considering the entire deed we believe that a clear intention appears in the deed for the grantor to reserve certain mineral rights in the property. This is true although the granting clause contains words of inheritance. Accordingly there is no necessity to invoke any arbitrary rules of construction."

We now come to the question here. Is the reservation of the option to re-purchase void? We think not.

■ An option to re-purchase contained in a deed is a condition subsequent. Rountree v. Richardson, 268 Ala. 448, 108 So.2d 152 (1959); Dozier v. Troy Drive-In-Theatres, 265 Ala. 93, 89 So.2d 537 (1956). Under Alabama law, an option to re-purchase may be valid and enforceable. If we determine that the intent of the parties was that the grantor intended to grant a fee simple estate subject to the reservation of the option to re-purchase, then the reservation is not void. We recognize that conditions subsequent are not favored and will be strictly construed. Seaboard Air Line Ry. v. Anniston Mfg. Co., 186 Ala. 264, 65 So. 187 (1914). If an intent to create an estate on condition is clearly and unequivocally indicated, courts will carry out that intent. Cf. Lowery v. May, 213 Ala. 66, 104 So. 5 (1925).

■ The grantee here admits that Rountree v. Richardson holds that an option to re-purchase is a condition subsequent and may be enforced, but he says *Rountree* is distinguishable. He says that in *Rountree* the granting clause said the conveyance was "subject to the terms, limitations and conditions hereinafter set forth," and that the option to re-purchase there followed the granting clause. It is true that the inclusion of words of limitation as were used in *Rountree*, in the

granting clause, would assist courts in arriving at the intent of the parties. Nevertheless, when a granting clause contains words of inheritance and does *not* contain words of limitation, does that mean that any exception, reservation or restriction which follows the granting clause in a deed is void? We think not. Kettler v. Gandy (condition subsequent), and Holmes v. Compton (reservation of a mineral interest), are excellent examples that the intention of the parties is the real inquiry. The granting clauses in both *Kettler* and *Holmes* contained words of inheritance and no words of limitation.

Since we can read the instrument and determine what the grantor reserved, resort to arbitrary rules of construction is not required.

Looking at the entire instrument, we hold that the parties intended to grant a fee simple, subject to a reservation of a specified mineral interest by the grantor and a reservation by the grantor of an option to re-purchase.

The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

HEFLIN, C. J., and MERRILL and SHORES, JJ., concur.

JONES, J., concurs specially, with which SHORES, J., also concurs.

JONES, Justice (concurring specially).

I concur in the result, but I would find no necessity to search for the intention of the parties by looking to the four corners of the instrument. I see no ambiguity in the deed.

The reservation in the grantor of the option to repurchase is contained in the granting clause of the deed, often called the premises.[1] Prudential Ins. Co. of America v. Karr, 241 Ala. 525, 3 So.2d 409 (1941); and there is, therefore, no repugnance between the granting clause and the habendum clause.

It is frequently stated that:

"One of the rules in the construction of deeds is that if there be two clauses which are utterly inconsistent with each other, and which cannot be reconciled or made to stand together, the last shall give way to the first, the maxim being 'the first clause in a deed, and the last in a will shall prevail.' Petty v. Boothe, [19 Ala. 633] supra." Henry v. White, 257 Ala. 549, 60 So.2d 149 (1952).

But I see no inconsistency in the granting clause and any other clause in the deed involved here, so that, while I do not oppose it, I would see no necessity in this case to resorting to the more modern rule, which is said to disregard the technical rules of the common law relative to the division of deeds into formal parts, such as premises and habendum, and look to the entire deed for the purpose of ascertaining the intention of the parties. Thompson on Real Property, Vol. 7, § 3136.

SHORES, J., concurs.

1. Tiffany, Real Property, Third Ed., § 502: "A carefully drawn conveyance usually consists of the following parts: First the names of the parties . . . A statement of the consideration and of its payment and receipt follows, and, after this comes the operative words of conveyance followed by a description of the land conveyed and any exceptions or reservations. *These elements constitute the 'premises'* which is followed by the 'habendum' . . . which is usually introduced by the words 'to have and to hold' . . . ." [Emphasis supplied]