BRADLEY, Judge.
The appellant, Harold Law, is appealing from a jury verdict rendered in favor of the appellee, Maurice Law.
George Law, the father of Harold and Maurice, died on March 22, 1970 leaving his entire estate, including one hundred fifty-two acres of land, to his wife, Denie P. Law. Mrs. Law had a separate estate consisting of two hundred forty-seven and one-half acres of land which she had inherited from her parents.
On June 3, 1971 Mrs. Law conveyed to Harold several parcels of land totaling three hundred nineteen and one-half acres. Two hundred seventy four and one-half acres of this conveyance was from Mrs. Law’s personal estate. However, this deed was not recorded until July 23, 1975. Before the recordation, Mrs. Law conveyed twenty-five acres of this land to David and Johnnie Seanor on May 19, 1973.
On January 16, 1975 Denie Law conveyed to her other son, Maurice, one hundred seven acres of land received from her husband’s estate.
Mrs. Law is a seventy-three year old woman who suffered a stroke on April 5, 1974. Her son Harold has lived with her most of his life even when his father was alive. There was testimony that he helped his mother work the farm for some years until she got too old to continue. He has, according to testimony, taken care of his mother before and after her stroke, doing such chores as washing and cleaning. He has also taken care of their finances as they have joint checking and savings accounts. Maurice Law is forty-six years old and lives within one mile of his mother and father’s homeplace. He is currently suffering from extremely bad health.
*78 The event resulting in this lawsuit revolves around a meeting between Harold, Mrs. Law and Maurice on January 16, 1975. Apparently there has been a great deal of bitter feelings between the two brothers which worsened when Harold received the three hundred nineteen and a half acres from his mother. Maurice testified that he believed he was to receive forty-seven of the three hundred nineteen acres of land previously deeded to Harold by Mrs. Law. He realized the one hundred seven acres of land he was to receive had been his father’s. The misrepresentation alleged in the lawsuit arose when Harold told Maurice, upon being questioned, that George Law’s will had not been probated. If it had not been probated, then the one hundred fifty-two acres would pass by intestate succession, going equally to the two brothers. Harold denied in his testimony ever having made this statement to Maurice, or having any knowledge of what probating a will means. Mrs. Law, however, testified that she did hear Harold deny it. Maurice alleges that had Harold not misled him about the probate of the will, he would not have accepted the deed from his mother for the one hundred seven acres of land. Evidence was admitted that Maurice never received any notice of the probate, and that a waiver of notice existed which expert testimony showed was signed by someone other than Maurice. At the trial level, the jury rendered a general verdict in favor of Maurice for the amount of $10,000.00 based on the misrepresentation by Harold to his brother.
Several issues have been raised by the parties in this case, and the first to be considered is appellee’s motion to dismiss the appeal.
The basis for the motion to dismiss is that appellant failed to adequately set forth a full statement of facts relevant to the issues presented for review as required by ARAP 28(a)(4).
After carefully examining the statement of facts in appellant’s brief, we do not find the rendition of the pertinent facts in appellant’s brief to be so deficient as to leave this court with no basis for consideration of the issues presented by the appeal. In Thoman Engineers, Inc. v. McDonald, 57 Ala. App. 287, 328 So.2d 293 (1976), we said:
Formal inconsistency between the statement of issues and the argument of issues should not prevent us from reaching the merits of the argument unless the inconsistency is inexcusably pronounced, misleading, confusing, or otherwise prejudices an adverse party’s ability to frame a response to the argument. The determination of these factors lies with the court to whom the brief is presented.
We therefore deny the motion to dismiss.
The appellee further asserts that because the trial court did not make an express determination that there was no just reason for delay of a final judgment as to fewer than all of the claims of the parties, no decision was final, and thus there could be no appeal under ARCP 54(b).
The verdict was rendered against Harold Law under Count Six of the complaint. The jury was not charged as to Counts Three and Four. However, there was no decisive ruling as to whether Harold’s motion for a directed verdict to drop the counts was granted. Therefore, this court, pursuant to its own motion, remanded the case to the trial court for the rendition of a final judgment from which this court could decide an appeal. The appellant also filed a motion to remand for relief of judgment pursuant to ARCP 60, which states:
(a) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.
The trial court in its order on remand stated that the parties had agreed to submit to the court the merits of Counts Three and Four. After hearing counsel’s arguments, the trial judge determined that the deed between Denie P. Law and her son, Harold Law, dated June 3, 1973, was void.
The trial court further determined that:
*79 Count Four, which states a cause of action for sale for division is moot because the jury verdict ruled in favor of defendants on Count One, which Count attempted to set aside the last will and testament of George Law.
After the trial court ruled on the merits of Counts Three and Four, Harold Law appealed the ruling based on Count Three.
The basis of appellant’s complaint as to Count Three is that the trial judge misapplied the applicable law to the existing facts and erred in deciding that the conveyance between Mrs. Law and her son Harold was void. In the deed Mrs. Law conveyed a fee simple interest to Harold Law in the granting clause and then expressly reserved a life estate with the right to mortgage, pledge, or sell the property during her life. The trial court declared this conveyance completely void. We disagree.
The real inquiry in construing the terms of a deed is to ascertain the intention of the parties, especially that of the grant- or, and if that intention can be ascertained from the entire instrument, arbitrary rules should not be allowed to subvert that intention. Wilkins v. Ferguson, 294 Ala. 25, 310 So.2d 879 (1975). The duty of the court under this rule of construction is to reconcile the terms of the instrument if that may reasonably be done, to avoid a repugnancy in its provisions or terms. Wilkins v. Ferguson, supra.
In Mays v. Burleson, 180 Ala. 396, 61 So. 75 (1913), the Alabama Supreme Court held a deed valid wherein a grantor conveyed land to a grantee but reserved the right of possession and control during his life as well as the right to sell the property. The court stated that the reservation did not postpone the vesting of title in the grantee until the grantor’s death, but that the title vested upon execution of the deed, subject to divestment if the grantor exercised his reserved right to sell the land.
Applying the reasoning of Mays to the case at bar, we think the clear meaning of the deed before us, without applying the arbitrary rules of construction, is that a fee simple interest was conveyed to Harold Law, subject to that interest being divested should his mother, Mrs. Law, mortgage, pledge, or sell the property during her lifetime. As a matter of fact, she did convey a portion of that property to someone else subsequent to the conveyance to Harold. Therefore the judgment voiding the deed to Harold is reversed.
The final contention urged by appellant is that there was insufficient evidence to support the jury’s award of damages for fraud as alleged in Count Six of appellee’s complaint.
Appellant argues principally that the ap-pellee failed to prove actionable fraud, i. e. there was no evidence of compensatory or nominal damages incurred by appellee as a result of the alleged fraud, which is a necessary element of actionable fraud, and, as a consequence, the trial court erred by refusing the motion for a directed verdict and later by overruling the motion for a new trial.
Appellee replies that there is sufficient evidence of actionable fraud to support the jury’s verdict and, therefore, the trial court did not err in the various rulings on the question.. To support his contention, appel-lee points out that appellant did represent to him that he (appellant) had not probated their father’s will and that appellee, in reliance on this representation, did not attempt to prevent the transfer of his father’s land to someone else, and, as a result he was damaged.
 It is well settled in Alabama that fraud is never presumed and when relied upon must be distinctly alleged and proven, and he who seeks relief on ground of fraud has the burden of proof. Mangina v. Bush, 286 Ala. 90, 237 So.2d 479 (1970). One of the essential elements of an actionable fraud case is proof of damages. Old Southern Life Insurance Co. v. Woodall, Ala., 348 So.2d 1377 (1977). Should the plaintiff fail to prove that the alleged misrepresentations caused him damage, an essential element of the cause of action is missing and the action must fail.
*80 In the case at bar, the facts show that Mrs. Law had received as an inheritance from her parents about two hundred forty-seven acres of land, and she had received from her deceased husband by will about one hundred fifty-two acres of land. She had conveyed to appellee about one hundred seven acres of the one hundred fifty-two acres of land received from her husband’s estate; she had also purported to convey to appellant about three hundred nineteen acres of land. This deed was not recorded until July 1975. Prior to the rec-ordation of that deed and on May 19, 1973, Mrs. Law conveyed to David and Johnnie Seanor twenty-five acres of the three hundred nineteen acres previously conveyed to Harold Law.
As can be seen from the above, appellee received from his father’s estate one hundred seven acres of land by deed from his mother, Denie P. Law. Had the will not been probated and had he inherited a portion of his father’s estate by intestate succession, he would have been entitled to one-half of the one hundred fifty-two acres owned by the father at his death, or seventy-six acres. See § 43-3-1, Code of Alabama 1975. Thus, appellee received thirty-one acres more of his father’s land by deed from his mother than he would have received by intestate succession. Under these circumstances we fail to see how appellee has been damaged by the alleged misrepresentation of appellant.
There being no evidence of damage to appellee, the trial court erred in refusing to grant appellant’s motion for a directed verdict.
For the above reasons, the judgment of the trial court as to the validity of the deed to appellant is reversed, and the verdict and judgment of the court awarding damages to appellee is also reversed. The cause is remanded for further proceedings.
REVERSED AND REMANDED.
HOLMES, J., concurs.
WRIGHT, P. J., concurs in the result.