ALMON, Justice.
This is an appeal from a permanent injunction granted by the trial court restraining the defendant from obstructing the right of the plaintiff to have free ingress and egress over a strip of land owned by defendant.
In 1964 defendant Alcazar Temple of the Ancient Order of the Nobles of the Mystic Shrine for North America purchased an eighty-foot-wide strip of land from Luke Johnson and his wife. The strip ran east and west 280 feet from the Eastern Bypass in Montgomery, Alabama, to Alcazar Temple’s land, and Alcazar Temple acquired it for access to its land.
The Johnsons retained parcels to the north and south of the strip conveyed to Alcazar Temple. In 1969 they sold these parcels to plaintiff Courtesy Ford Sales, Inc. Courtesy Ford established a used car lot on the south parcel and a recreational vehicle lot on the north parcel. In 1982 Alcazar proposed to build walls along the length of the strip it had bought from the Johnsons. Courtesy Ford brought this action to have the court enjoin Alcazar Temple from building the walls or otherwise interfering with Courtesy Ford’s easement for ingress and egress over the strip.
The 1964 deed from the Johnsons to Al-cazar included the following paragraph:
“The aforegranted property has been acquired by the Grantee herein for the purpose of affording passageway to the Eastern By-Pass from the West side of property acquired by the Grantee from Stuart W. Patton and Gladys T. Patton. The Grantor, Luke Johnson, reserves the right of ingress and egress over the aforegranted 'property at such location or locations as he may desire for the purpose of entering his property which borders the aforegranted property on its North and South sides. It is understood that this shall be a covenant running with the land, and shall be binding on the successors and assigns of the Grantee and the heirs and assigns of the said Luke Johnson.”
(Emphasis added.)
Alcazar Temple argues that this reservation should be limited by a construction that the exercise of the right of ingress and egress must be reasonable. Such a construction would contradict the face of the deed, which says the grantor and his assignees have the right of ingress and egress over the property granted to Alca-zar Temple “at such location or locations as [they] may desire.” Alcazar Temple purchased its strip with this broad reservation. To construe the instrument so as to require Courtesy Ford to choose one or two points at which Alcazar Temple would build gates in its wall would work an enlargement of the estate purchased by Alcazar Temple and a diminution of the estate purchased by Courtesy Ford.
“It is a fundamental precept of property law that courts should construe instruments so as to give effect to the intent of the parties.” Brashier v. Burkett, 350 So.2d 309, 311 (Ala.1977); Stratford v. Lattimer, 255 Ala. 201, 50 So.2d 420 (1951). “The real inquiry in construing the terms of a deed is to ascertain the intention of the parties, especially that of the grantor, and if that intention can be ascertained from the entire instrument, including its several parts, resort to arbitrary rules of construction is not required.” Wilkins v. Ferguson, 294 Ala. 25, 27, 310 So.2d 879 (1975).
*42 The intent of Luke Johnson, to reserve an easement for ingress and egress at any locations he or his successors might choose at any time, is manifest from the face of the deed. The trial court correctly held that the proposed wall would interfere with Courtesy Ford’s right of enjoyment of its easement and properly enjoined Alcazar Temple from obstructing Courtesy Ford’s right of free ingress and egress. The judgment is therefore affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.